## High v. Schaefer

*Brown & Zimmerman,* for petitioner.

*James P. Coho,* contra.

WISSLER, P. J., March 21, 1958.—Plaintiff, Clayton High, brought an action in trespass before Alderman Henry M. Hoover of Lancaster to recover damages to his automobile growing out of a collision between his automobile and the automobile operated by defendant, A. Clair Schaefer. On November 29, 1957, a judgment was entered by the alderman in favor of plaintiff and against defendant in the amount of $95. Defendant filed a petition for special allowance to appeal from the alderman's judgment and it is the rule on this petition that is presently before the court.

By stipulation of both parties it is agreed that the only question for determination by the court is the constitutionality of the Act of May 17, 1956, P. L. 1626, 42 PS §913 (*a*), which provides as follows: "In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by

petition to the court of common pleas for special allowance."

It has long been held in Pennsylvania that the constitutional guarantee of trial by jury does not mean that every minute detail of a jury trial must remain inviolate as it existed at the time the Constitution was adopted.

In construing article I, sec 6, of the Constitution of Pennsylvania which provides that "Trial by jury shall be as heretofore, and the right thereof remain inviolate," Mr. Chief Justice Black in Van Swartow v. The Commonwealth, 24 Pa. 131, 134, stated: "The purpose of the Constitution undoubtedly was to preserve the jury trial wherever the common law gave it, and in all other cases to let the legislature and the people do as their wisdom and experience might dictate." In the leading case of Haines v. Levin, 51 Pa. 412, deciding that an act of assembly requiring landlord and tenant cases to be brought before a justice of the peace was constitutional, Justice Agnew, at page 414 of the opinion, stated: "The great purpose of the constitution in providing that 'trial by jury shall be as heretofore, and the rights thereof remain inviolate,' was not to contract the power to furnish modes of civil procedure in courts of justice, but to secure the right of trial by jury in its accustomed form before rights of person or property shall be finally decided . . . But beyond this point there is no limitation upon legislative power in construing modes of redress for civil wrongs, and regulating their provisions."

The Act of March 22, 1814, P. L. 190, 42 PS §913, provides, inter alia, as follows: "Either party shall have the right of appealing to the court of common pleas of the proper county, where the judgment given by the justice or alderman alone shall exceed five dollars and thirty-three cents." In Ellis v. Brewster,

6 Watts 277, it was held that the court of common pleas has no jurisdiction of an appeal by a defendant from the judgment of a justice of the peace for a sum less than $5.33, where no cross account is set up and no greater sum is in dispute. The constitutionality of this act so far as a search reveals has never been questioned and there seems, therefore, no good reason why the Act of May 17, 1956, P. L. 1626, 42 PS §913 (a), supra, increasing the amount to $100, should be differently interpreted. Especially is this true in comparatively small cases so as to secure for litigants the right to a speedy adjudication of their rights, and all the more true because of the provision of the act providing for an appeal to the court of common pleas for special allowance. The compulsory arbitration statute involving a similar question was upheld in the Smith Case, 381 Pa. 223.

An act of assembly will be declared void only when it violates the Constitution clearly, palpably, plainly and in such manner as to leave no doubt: Penn Anthracite Mining Co. v. Anthracite Miners of Pennsylvania, 318 Pa. 401.

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, sec. 52, 46 PS §552, it is to be presumed that the legislature intended a constitutional result in the public interest. By the limitation of the right of appeal in trespass cases from decisions of magistrates, aldermen and justices of the peace under the Act of May 17, 1956, P. L. 1626, supra, the legislature intended to expedite and facilitate the determination of small claims.

And now, March 21, 1958, for the foregoing reasons the rule for a special allowance to appeal is discharged and the appeal is dismissed.