### Reading Bus Company v. Reber

*Body, Rhoda, Stoudt & Bradley,* for plaintiff.
*Matten & Cottom,* for defendant.

READINGER, J., March 2, 1959.—Plaintiff, Reading Bus Company, brought an action in trespass before Alderman Mahlon E. Shapiro, of the City of Reading, to recover damages to a bus growing out of a collision between the bus and an automobile operated by defend-

ant, Mary H. Reber. On November 11, 1958, a judgment was entered by the alderman in favor of plaintiff and against defendant in the amount of $58.40, plus costs. Defendant did not appear at said hearing, but on November 18, 1958, by her counsel, filed an appeal from said judgment in the office of the Prothonotary of Berks County.

On December 1, 1958, plaintiff, through its counsel, John C. Clemmens, Esq., filed its petition with this court requesting that said appeal be stricken or quashed for the reason that the defendant, prior to filing of said transcript and appeal, did not comply with the provisions of the Act of May 17, 1956, P. L. 1626, 42 PS §913a. This act, relating to appeals from judgments of magistrates, aldermen, or justices of the peace in trespass actions, provides as follows:

"Section 1. In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by petition to the court of common pleas for special allowance."

A rule was granted upon defendant to show cause why the appeal should not be stricken from the record and the appeal quashed, and it is this rule that is presently before the court.

Defendant contends that the aforesaid Act of Assembly is unconstitutional, being a violation of article I, sec. 6 of the Constitution of Pennsylvania in that it deprives a party, against whom an alderman has

entered a judgment of more than $5.33, but less than $100, of the right of appeal, and that for this reason defendant is not required to file a petition with the court for allowance of the appeal.

The statute in question was obviously passed by the legislature in order to remove from court calendars cases involving small amounts of money where the costs of pressing the claim, if legal counsel were employed, would exceed the amount of the claim, and the courts which have had occasion to construe the statute found no difficulty in reaching the conclusion that no special allowance should be granted except for cause shown: Schlusser v. Conrad, 15 D. & C. 2d 150, 152, and Booz v. Reed, 13 D. & C. 2d 283, 289.

In the Schlusser opinion (Court of Common Pleas of Cumberland County) the constitutionality of this statute was not raised nor passed upon by the court. However, in the Booz case (Delaware County) the question was raised, and the statute held by the court to be unconstitutional.

In the latter opinion, written by Bretherick, J., the right to trial by jury was very thoroughly and ably discussed, together with the decision of the Supreme Court in Smith Case, 381 Pa. 223, upholding the constitutionality of the Act of January 14, 1952, P. L. 2087, providing for compulsory arbitration, the court stating:

"Succinctly stated, the Act of 1956 provides that in actions of trespass before a magistrate, alderman or justice of the peace, if the judgment shall not exceed $100, excluding costs, the judgment shall be final, except by petition to the court of common pleas for special allowance. We cannot view this legislation as the mere imposition of a reasonable condition, restriction or regulation on the right of appeal for the purpose of presenting the issue to a jury. On the contrary, the act expressly recognizes the existing right of appeal,

and then proceeds to deny that right to the extent, and in the cases, covered by its terms. The language is clear and unmistakable: 'the right of appeal shall hereafter apply only where the judgment given . . . shall exceed the amount of one hundred dollars ($100), excluding costs.'

"It is clear to us that, in those cases falling within its purview, the act works nothing less than an outright deprivation and abrogation of the right itself, in contravention of the basic law": Booz v. Reed, supra, p. 288.

The only other common pleas court which appears to have considered the constitutionality of this act was that of Lancaster County in High v. Schaefer, 15 D. & C. 2d 134. The court, in this opinion upholding the constitutionality of the act in question, discusses the Act of March 22, 1814, P. L. 190, 42 PS §913 (relating to an appeal from a judgment in excess of $5.33), then states that a search revealed that the constitutionality of this act has never been questioned and that, therefore, there appears to be no good reason why the Act of May 17, 1956, increasing the amount from $5.33 to $100 should be held to be unconstitutional.

After carefully reviewing these two decisions, we are of the opinion that the Act of May 17, 1956, P. L. 1626, despite its laudable objective, does violate article I, sec. 6 of the Constitution and must, therefore, be held void for the reasons set forth in Booz v. Reed, supra.

And now, March 2, 1959, for the foregoing reasons, the rule granted upon defendant to show cause why the appeal should not be stricken from the record and the appeal quashed, is discharged.