**Booz v. Reed (No. 2)**

*Paul Lane Ives*, for plaintiff.

*Basil C. Clare*, for defendant.

OLMSTED, 2nd, J., July 9, 1959—Elmer H. Booz and B. Franklin Ostrander were in an automobile accident. Ostrander sued Booz before a justice of the peace and recovered judgment for $98.12. Booz, desiring to appeal to this court, presented the transcript to the prothonotary, Howard F. Reed, Jr., as provided in the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS §923. The prothonotary, in obedience to the Act of May 17, 1956, P. L. 1626, 42 PS §913a, refused to accept it. Thereupon, Booz, without applying to the court for a special allowance of the appeal as provided in the Act of 1956, brought this action of mandamus against the prothonotary to compel him to accept the transcript. The prothonotary filed preliminary objections, which were dismissed (Booz v. Reed, 13 D. & C. 2d 283, opinion by Bretherick, J., Diggins, J., dissenting).

The prothonotary thereupon filed his answer citing the Act of May 17, 1956, which provides that there shall be no appeal in a trespass case where the amount of the judgment does not exceed $100 except by petition to the court of common pleas for special allowance, and averring that plaintiff had not petitioned the court for special allowance to appeal. Plaintiff has now moved for judgment on the pleadings under Pa. R. C. P. 1034. The motion for judgment on the pleadings presents the same issue as did the preliminary objections; we have, however, now reached a conclusion different from that announced in our earlier opinion.

The complaint avers that plaintiff "cannot appeal nor can he obtain his right to trial by jury" unless the defendant disregards the mandate of the Act of 1956. This averment states a conclusion of law and a pat-

ently erroneous one; plaintiff might have obtained a trial by jury by petitioning this court for special allowance to appeal. Had this court refused the petition, then, and not till then, would plaintiff's claimed right of trial by jury have been denied.

The reason asserted for not applying for a special allowance under the act was that acquiescence in the procedure set up in the act would bar the litigant from contesting its constitutionality. We accepted this view in our former opinion, citing Montgomery County Bar Association v. Rinalducci, 329 Pa. 296, 298. The cited language was dictum, as is indicated by the fact that the Supreme Court did pass on the very constitutional point which the cited language would have barred. We now hold that plaintiff would not have waived his right to test the constitutionality of the act by applying for a special allowance, particularly if he had specifically reserved his rights or had raised the constitutional question in his petition for special allowance. Archbishop O'Hara's Appeal, 389 Pa. 35, 46; Schmalz v. Buckingham Township Zoning Board of Adjustment, 389 Pa. 295, 298. In High v. Schaefer, 15 D. & C. 2d. 134, the constitutionality of the act here in question was adjudicated by President Judge Wissler, of Lancaster County, in an application for special allowance.

Plaintiff's contention comes down to this, that in cases involving more than $20 he has an absolute right to a trial by jury, and, therefore, a statute is unconstitutional which impairs the absoluteness of that right. He admits, as he must, that the legislature may qualify that right, that it may place reasonable conditions on the exercise of the right, provided he may, by meeting the conditions, exercise the right. But, he argues, a statute which grants a court a right to give an absolute and final "'no" to his demand for a jury trial is ipso facto unconstitutional. We do not so construe the constitution. We cannot say that *every* case involv-

ing less than $100 is necessarily entitled to a jury trial. If, therefore, some small claims are entitled to a jury trial and some are not, there is no invasion of plaintiff's right until some court says that he shall not have a jury trial in a specific case. The mere possibility that plaintiff might be denied a jury trial is not enough to make the act unconstitutional.

As we see the constitutional question, therefore, it is this: Does a statute which gives a court discretion to refuse the allowance of an appeal from a judgment of less than $100 entered by a justice of the peace in a trespass case violate article. I, sec. 6 of the Pennsylvania Constitution of 1874? We have here no actual denial of a trial by jury. The question is whether the possibility of a denial of a trial by jury transgresses the constitutional injunction that "Trial by jury shall be as heretofore, and the right thereof remain inviolate."

The Act of 1810, 5 Sm. L. 161, secs. 3 and 4, 42 PS §§661 and 662, provides that the judgment of a justice of the peace shall be final if the *demand* does not exceed $5.33. If the *demand* is between $5.33 and $100, the trial may be before a justice of the peace or may be before referees, depending on circumstances not relevant here; if his or their *judgment* is less than $20, the judgment is final; if for more than $20, the appeal is of right.

The effect of the Act of 1956 was to raise the jurisdictional figure from $20 to $100 but to do so only conditionally; in special cases a judgment under the new maximum would still be appealable. Theoretically, the Act of 1956 *extends* the right of trial by jury in that a court could allow an appeal from a judgment for less than $20.

A $20 trespass case in 1810 or in 1874 is roughly equivalent to a $100 case today. The value of the dollar has diminished, the cost of jury trials has increased,

the average dollar income of litigants has increased, the economic importance of a $20 damage to a farm vehicle a century ago is comparable to a $100 damage to an automobile today.

The men who drafted our Constitution did not envisage a static society. In guaranteeing the great liberties on which a free government is based, they were building strong and substantial foundations to the temple of justice; they were not blueprinting the precise dimensions of every door and window. We think the command that "trial by jury shall be as heretofore" means that substantially the same kinds of controversies shall be tried by juries in the future as in the past. We think that a trespass suit today for under $100, usually, as here, for property damage to an automobile, is substantially comparable to a $20 suit in horse and buggy days. In the unusual case where a trial by jury is appropriate, a special exception would presumably be granted.

If we were to direct the prothonotary to receive the transcript, plaintiff's controversy with Ostrander would then go, not to a jury, but to arbitration. If he lost there, he would have to pay $80 in arbitrators' fees before he could get his $98 case to a jury. The Compulsory Arbitration Law would thus appear to be a greater barrier between plaintiff and his jury trial than is the requirement of petitioning the court for special leave; yet the Supreme Court has approved the constitutionality of the Arbitration Act of June 16, 1836, P. L. 715, as amended, Smith Case, 381 Pa. 223. In a realistic and practical sense, plaintiff is seeking to appeal his case from a justice of the peace not to a jury but to three lawyers serving as arbitrators.

In an application for special allowance the court could make such conditions as justice might require, such, for example, as provision for costs, for payment of jury fee, for security that the judgment be paid, all

of which have been approved as proper conditions to be placed on the right of trial by jury: Smith Case, supra, at page 231. It could, by general rule or special order, make appropriate provisions for hearing the case. It is not to be presumed that the court, in passing on the application for special allowance, would ignore the rights of the petitioner.

The Act of 1956 is designed to meet a new and important need in the administration of justice, and that is the need for adjustment of the damages caused by and to the many millions of automobiles on our highways. Unless provision is made for the prompt and inexpensive settlement of the multitude of small claims, all claims large and small will be unbearably postponed. To make one wait two or three years for his jury trial is a greater infringement of the right of trial by jury than procedural steps designed to discourage jury trials in small matters of detail, such as the value of a strip of chrome sideswiped in a parking lot.

Consider the mischief which the Act of 1956 was designed to correct. Most men go to work in their cars nowadays. Most car owners are insured. A man who has suffered $75 damage by the negligence of an insured driver can get prompt judgment against a solvent tortfeasor before a justice of the peace. If the insurers see fit to appeal all justice of the peace judgments, plaintiff is put to the burden of employing a lawyer, losing time in court and suffering long delay so that it will cost him more than $75 to hold his judgment. He is, therefore, forced to surrender his rights and a just claim is defeated.

Also to be remembered is the practice of some justices of the peace to find uniformly for plaintiff, and this may result in injustice to defendant and to the company which has insured him. If a defendant has

not had a real substantial "day in court", the judgment of the justice of the peace ought not to be final.

The legislature has seen fit to meet these problems by denying defendant the right of an automatic appeal, usable to defeat a just claim, and giving him the right of a discretionary appeal, usable to defeat an unjust claim.

We do not mean to suggest that either of these practices is present here. We know nothing about the merits of the case because no petition for the allowance of an appeal was presented. If, on an application for the allowance of an appeal, it had appeared that defendant had not really had his day in court, the writer of this opinion would have been inclined to allow the appeal; if it appeared that the purpose was to tire plaintiff out, he would be inclined to deny it. The mere fact that the preparation and submission of the petition would involve expense to defendant would itself tend to discourage unworthy appeals, and thus contribute to the wholesome purpose of the statute which is to dispose of small tort claims at the justice level without denying a trial by jury in a worthwhile case.

An Act of Assembly is to be declared void only when it clearly violates the Constitution: Loomis v. Philadelphia School District Board of Education, 376 Pa. 428; Bilbar Construction Company v. Easttown Township Board of Assessment, 393 Pa. 62. The act in question here attempts to meet the very real problem of small claims by changing the procedural rules for appeals from a justice of the peace from an automatic or ministerial procedure as of right to one involving the discretion of a judge. This does not finally deny the right of trial by jury; it does not clearly violate the Constitution.

We, therefore, now hold that plaintiff was not deprived of his constitutional rights by the statute requiring him to apply for a special allowance of an

appeal from the judgment of the justice of the peace. By failing to make such a timely application, he lost his right of appeal. We, therefore, make the following

*Order*

And now, to wit, July 9, 1959, the prayer of plaintiff for a writ of mandamus against defendant prothonotary is denied and judgment is entered for defendant.