## Haas v. Hoey

*Jackson M. Sigmon,* for plaintiff.
*Lawrence J. Briody,* for defendant.

PALMER, J. October 26, 1959.—This matter is before us on plaintiff's motion to strike off an appeal upon special allowance [1] from a judgment entered by an alderman in an action arising out of a motor vehicle accident in the amount of $97.50 together with costs in the sum of $11.90.

In his petition for special allowance defendant alleged:

"3. That the Defendant was unable to provide an additional witness due to the time of the aforesaid hearing.

"4. That the Alderman, in his report of the testimony, misquoted the testimony of the witness for the Defendant regarding the rate of speed that the Plaintiff was driving.

"5. That the Alderman states in his report that the witness indicated that there was a slope near the

---

[1] The petition for special allowance was presented pursuant to the provisions of the Act of May 17, 1956, P. L. (1955) 1626, 42 PS §913a, which provides in part: "In every action of trespass before a(n) . . . alderman . . . , in which a right of appeal . . . to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given . . . shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment . . . shall be final except by petition to the court of common pleas for special allowance."

scene of the accident, and that upon personal inspection, no such slope was found. However, your Petitioner, being well acquainted with the area, states that there is such a slope near the scene of the accident.

"6. That the Alderman completely disregarded the testimony of the Defendant and his witness.

"7. That the verdict was against the weight of the evidence.

"8. That the verdict was against the weight of the law."

The questions before us for determination are first, whether the Act of 1956 is constitutional and, if it is, whether the allegations contained in the petition for special allowance are sufficient to permit an appeal.

Prior to the passage of this statute, there was no limitation upon the right of appeal from judgments exceeding $5.33 in trespass actions before a justice of the peace: Act of March 22, 1814, P. L. 190, 6 Sm. L. 182, sec. 3, 42 PS §913.[2] Defendant contends the Act of 1956, in limiting appeals from judgments in excess of $5.33, violates art. I, sec. 6, of the Constitution of 1874 which provides that: "Trials by juries shall be as heretofore, and the right thereof remain inviolate." While the question has not been passed upon by our appellate courts, it has been the subject of extended and conflicting discussion in opinions of our lower courts. Thus in Booz v. Reed, 13 D. & C. 2d 283, Reading Bus Company v. Reber, 18 D. & C. 2d 296, and Randall v. Ort, 16 D. & C. 2d 533, the act was held unconstitutional. A contrary view was taken in High v. Schaefer, 15 D. & C. 2d 134, and, in a second and later opinion in Booz v. Reed (No. 2), 18 D. & C. 2d 261, the Delaware County court reconsidered its prior decision, and came to the conclusion

---

[2] See also Act of March 20, 1845, P. L. 188, sec. 3, 42 PS §912.

the act was constitutional. We are persuaded by the opinions in the latter cases, and therefore hold the act to be constitutional.

We do not believe defendant has alleged sufficient grounds to permit the appeal by special allowance.

While the statute does not set forth the standards to be applied by the courts in granting or withholding special allowance, it would appear obvious that it should only be granted for cause shown.[3] The clear purpose of the act is to relieve the common pleas court of cases in which damages do not exceed $100, and with that in mind, we do not believe we are warranted in allowing an appeal merely upon allegations that the negligence of defendant was improperly found, or upon allegations that plaintiff was contributorily negligent. We agree with President Judge Pentz in Gathagan v. Fortney, supra, that: ". . . a court of common pleas should construe the special allowance of the appeal to be confined to a real miscarriage of justice at the trial before the justice of the peace or alderman. When . . . there is no more than a conflict in the evidence, and the transcript shows that, and also shows the parties were accorded all of their rights, were represented by counsel, had the right to, and did cross-examine the parties and their witnesses, there is nothing to justify an appeal by special allowance. The intent of the special allowance was to cure, by allowing an appeal, any rights the parties may have been deprived of during the proceedings before the justice, or upon a showing that the finding of the justice was a gross disregard of the clear weight of the evidence, prejudice on the part of the justice of the peace or a manifest favoritism toward one party or the other."

---

[3] Accord: Schlusser v. Conrad, 15 D. & C. 2d 150; Gathagan v. Fortney, 15 D. & C. 2d 223.

In the case now before us, paragraphs 4, 5 and 6 of the petition for special allowance involve mere conflicts of evidence and therefore will not support an order permitting the appeal. While paragraph 3 avers that defendant was unable to provide an additional witness due to the time of the hearing, it is neither intimated nor averred that the alderman was asked for a continuance until the missing witness could be produced, and we cannot say that had the continuance been requested it would not have been granted.

## Order

And now, October 26, 1959, it is hereby ordered and decreed that the order of court dated October 15, 1958, allowing an appeal to the Court of Common Pleas of Northampton County in the above captioned case is vacated and the motion for allowance of an appeal is denied.