## Hacherl v. Bellotti

*A. J. Straub*, for plaintiff.

*Edward J. Blatt*, for defendant.

TRAMBLEY, P. J., March 15, 1960. — This matter comes before the court upon a petition and order allowing an appeal from a judgment entered by a justice of the peace on March 26, 1959, together with a petition to strike off the order.

The petition upon which the order for appeal was obtained was filed under the Act of May 17, 1956, P. L. (1955) 1626, 42 PS §913a, which provides as follows:

"In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does

not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by petition to the court of common pleas for special allowance."

Summons in trespass was issued in this case on March 13, 1959, and a hearing fixed for March 26, 1959. The summons was properly served and no objection is raised to the proceedings prior to the hearing. At the hearing on March 26, 1959, a number of witnesses were sworn by both parties and were examined by their own attorneys and cross-examined by the attorney for the opposing sides.

The justice of the peace rendered judgment in favor of plaintiff in the sum of $91.80.

On April 14, 1959, plaintiff presented a petition for special allowance of appeal under the above act. At the time this petition was presented the transcript of the justice of the peace was not before the court.

On January 8, 1960, plaintiff filed a petition to dismiss the appeal and a rule to show cause was granted thereon returnable to the first Monday in March 1960, at which time the parties argued the case.

The only reason set forth in the petition for special allowance of appeal was that defendant believed that an injustice had been done by virtue of the verdict of the justice of the peace and if an appeal were not allowed, he would be required to pay to plaintiff money which he honestly believed is not due him.

No testimony was taken by this court in the case and the only question raised at the argument was the constitutionality of the Act of May 17, 1956, P. L. (1955) 1626, sec. 1, 42 PS §913a.

Defendant did not raise the question of the constitutionality of the act in his petition for special allowance of an appeal and we think therefore that the court could summarily dismiss the proceedings as we do not think that the petition sets forth any valid grounds for appeal.

However, as the case was argued on the question of constitutionality, we shall briefly discuss this phase of the act. Plaintiff filed a brief but defendant merely submitted to the court a list of cases in which said act was in question. In all he submitted nine cases. In one of these, Booz v. Reed, 13 D. & C. 2d 283, the appeal having been taken pursuant to the procedure prescribed by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS §923, the court held that the act was unconstitutional, but when the same case was later brought before the same court, the court reversed itself and found the act constitutional. This second case was appealed to the Supreme Court of Pennsylvania and is reported in 398 Pa. 172. The Supreme Court dismissed the action, without passing on the constitutionality of the said act, because of failure of plaintiff to comply with the Act of 1956, P. L. 1626, supra, by first filing a petition for special allowance of an appeal. There are therefore no appellate court decisions which construe this act and the local courts are divided in their construction of the act.

Of the nine cases submitted by defendant two are in the Booz v. Reed cases, in the first of which the court held the act unconstitutional and in the second of which it held it constitutional. The question of the constitutionality of the act did not arise in two of the cases and of the remaining five cases, three held the act constitutional and two unconstitutional. When we add to those courts holding the act constitutional the second Booz v. Reed case reported in 18 D. & C. 2d 261, we find that four courts held the act constitutional and that two have held it unconstitutional.

No reason for the appeal is given in the petition for special allowance except that an injustice has been done by virtue of the verdict of the justice of the peace, etc., as set forth above. It can therefore be inferred that the only reason which defendant gives for requesting the appeal is that the justice of the peace did not

render a verdict in accordance with the evidence produced before him. No objection is made to the jurisdiction of the justice of the peace. The transcript shows that testimony was offered by both parties and their witnesses and it was therefore the duty of the justice of the peace to weigh the evidence and render a decision in accordance with the evidence as he understood and considered it. There was a conflict in the evidence and we cannot say that the justice of the peace abused his discretion in rendering the decision he did and entering judgment for plaintiff.

In the case of Gathagan v. Fortney, 15 D. & C. 2d 223, at page 226, the court said: "Considering the object of the Act of 1956, and its phraseology, a court of common pleas should construe the special allowance of the appeal to be confined to a real miscarriage of justice at the trial before the justice of the peace or alderman. When, as in the case at bar, there is no more than a conflict in the evidence, and the transcript shows that, and also shows the parties were accorded all of their rights, were represented by counsel, had the right to, and did cross-examine the parties and their witnesses, there is nothing to justify an appeal by special allowance. The intent of the special allowance was to cure, by allowing an appeal, any rights the parties may have been deprived of during the proceeding before the justice, or upon a showing that the finding of the justice was a gross disregard of the clear weight of the evidence, prejudice on the part of the justice of the peace or a manifest favoritism toward the one party or the other."

We are in accord with this statement. We are also in accord with what was said in Booz v. Reed (No. 2), 18 D. & C. 2d 261, at page 264:

"As we see the constitutional question, therefore, it is this: Does a statute which gives a court discretion to refuse the allowance of an appeal from a judgment

of less than $100 entered by a justice of the peace in a trespass case violate article 1, sec. 6 of the Pennsylvania Constitution of 1874? We have here no actual denial of a trial by jury. The question is whether the possibility of a denial of a trial by jury transgresses the constitutional injunction that 'Trial by jury shall be as heretofore, and the right thereof remain inviolate.'

"The Act of 1810, [March 20, 1810, P. L. 208] 5 Sm. L. 161, secs. 3 and 4, 42 PS §§661 and 662, provides that the judgment of a justice of the peace shall be final if the demand does not exceed $5.33. If the demand is between $5.33 and $100, the trial may be before a justice of the peace or may be before referees, depending on circumstances not relevant here; if his or their judgment is less than $20, the judgment is final; if for more than $20, the appeal is of right.

"The effect of the Act of 1956 was to raise the jurisdictional figure from $20 to $100 but to do so only conditionally; in special cases a judgment under the new maximum would still be appealable. Theoretically, the Act of 1956 extends the right of trial by jury in that a court could allow an appeal from a judgment for less than $20.

"A $20 trespass case in 1810 or in 1874 is roughly equivalent to a $100 case today. The value of the dollar has diminished, the cost of jury trials has increased, the average dollar income of litigants has increased, the economic importance of a $20 damage to a farm vehicle a century ago is comparable to a $100 damage to an automobile today.

"The men who drafted our Constitution did not envisage a static society. In guaranteeing the great liberties on which a free government is based, they were building strong and substantial foundations to the temple of justice; they were not blueprinting the precise dimensions of every door and window. We think

the command that 'trial by jury shall be as heretofore' means that substantially the same kinds of controversies shall be tried by juries in the future as in the past. We think that a trespass suit today for under $100, usually, as here, for property damage to an automobile, is substantially comparable to a $20 suit in horse and buggy days. In the unusual case where a trial by jury is appropriate, a special exception would presumably be granted."

We therefore hold that the Act of May 17, 1956, P. L. 1626, 42 PS §913a, is constitutional and that defendant did not in his petition for special allowance of appeal set forth sufficient reasons for allowing the same.

The court therefore makes the following

### Order

Now, March 15, 1960, the rule to show cause granted on January 8, 1960, is made absolute, the order of April 14, 1959, allowing an appeal is stricken off and the judgment for plaintiff, Edmund M. Hacherl, rendered by justice of the peace, Alfred A. Fleischman, is affirmed. Defendant to pay the costs.