Gribbel, Appellant, *v.* Donoian.

Argued September 12, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Edward G. Bauer, Jr.,* with him *Ballard, Spahr, Andrews & Ingersoll,* for appellant.

*Albert S. Fein,* for appellee.

OPINION BY ERVIN, J., November 16, 1960:

On June 23, 1959 a judgment was entered in Magistrate's Court No. 8, Philadelphia County, in favor of the plaintiff in an action in trespass in the amount of $92.83. On July 13, 1959 defendant filed an appeal in the Municipal Court of Philadelphia. On July 17, 1959 the plaintiff filed a motion to strike off the appeal for the reason that the Act of May 17, 1956, P. L. 1626, No. 541, 42 PS §913a, limits the right of appeal from magistrate's judgment to cases where the judgment is in excess of $100.00. On August 5, 1959 the defendant filed a petition for rule to show cause why special leave to file an appeal under the Act of May 17, 1956 should not be allowed. On August 27, 1959 the defendant's rule was discharged by Judge FELIX PIEKARSKI but no action was taken on the plaintiff's motion to strike off the defendant's appeal. Judge PIEKARSKI gave no reason for striking off the defendant's rule. On April 25, 1960 the plaintiff's motion to strike off the defendant's appeal was dismissed by Judge JOHN A. BOYLE. He subsequently filed an opinion in which he found that the Act of May 17, 1956 did not apply to appeals from magistrates to the Municipal Court of Philadelphia. The plaintiff then filed this appeal.

On appeal the following questions were argued:

1. Is not the Act of May 17, 1956, P. L. 1626, 42 PS §913a, unconstitutional?

2. Assuming that the Act of May 17, 1956, P. L. 1626, 42 PS §913a, is constitutional, is it not true that this act does not apply to Philadelphia County as it does or may do to other counties in Pennsylvania?

Since we have unanimously agreed that the act is unconstitutional, it will be unnecessary for us to consider the second question.

The Act of May 17, 1956, P. L. 1626, No. 541, 42 PS §913a, provides as follows: "In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by petition to the court of common pleas for special allowance."

The lower courts in Pennsylvania have differed with regard to the question of the constitutionality of this act.[1] The appellate courts of this Commonwealth have not passed upon the constitutionality of this act. In the case of *Booz v. Reed,* 398 Pa. 172, 157 A. 2d 170, our Supreme Court refused to pass upon the constitutionality of the Act of 1956, the majority opinion holding that the question could not be raised because there had been no refusal by the court below to allow an appeal. In a dissenting opinion written by Mr. Justice BELL, he stated that the constitutional issue should be determined. He further stated that in

---

[1] In the following cases the act was found to be unconstitutional: *Booz v. Reed,* 13 Pa. D. & C. 2d 283 (1957); *Randall v. Ort,* 16 Pa. D. & C. 2d 533 (1958); *Reading Bus Co. v. Reber,* 18 Pa. D. & C. 2d 296 (1959).

In the following cases the act was found to be constitutional: *High v. Schaefer,* 15 Pa. D. & C. 2d 134 (1958); *Booz v. Reed (No. 2),* 18 Pa. D. & C. 2d 261 (1959); *Hacherl v. Bellotti,* 21 Pa. D. & C. 2d 175 (1960); *Haas v. Hoey,* 21 Pa. D. & C. 2d 409 (1959).

his opinion the Act of 1956 was unconstitutional, as being "an obviously transparent attempt to limit the Constitutional right of trial by jury by giving to the Court of Common Pleas the right, in its absolute and uncontrolled *discretion,* to allow or refuse a jury trial to certain designated persons."

Counsel for the appellant relies strongly upon the language of Mr. Justice BRACKENRIDGE in the case of *Emerick v. Harris,* 1 Binney 416 (1808). At the time of the adoption of the Constitution of 1790 appeals could be taken from judgments entered by justices of the peace only if the amount exceeded 40 shillings. Under the Act of April 19, 1794, 3 Dall. Laws Penn. 536-538, appeals could be taken only in matters above 5 pounds. Mr. Justice BRACKENRIDGE, in a dissenting opinion, stated that the act did not violate the right to trial by jury "as heretofore." In the majority opinion written by Mr. Justice YEATES and concurred in by SMITH, J. (the entire court which heard the case consisting of three justices), it was stated that "the right of trial by jury is not taken away, though the party may be subjected to some inconvenience in making his election." The majority opinion did not pass upon the constitutionality of the Act of 1794 as this issue was not before the court in that case. The record clearly shows that the defendant had suffered judgment to go by default for 11 pounds 6 shillings and the costs. The Act of 1794 provided that either plaintiff or defendant in a suit brought before a justice for a demand above 10 pounds might, before judgment, elect to have the case tried in the common pleas and it entitled either party, even after judgment, if the amount exceeded 5 pounds, to appeal to the common pleas, upon giving security to answer costs, to prosecute the appeal with effect, etc. Clearly, therefore, the defendant could have appealed to the common pleas and had a trial by jury. Therefore the constitutional ques-

tion on the right of appeal was not an issue in that case and what Mr. Justice BRACKENRIDGE said on this subject is, therefore, obiter dicta. If that question had been in issue, we feel quite certain that the majority would have decided the act to be unconstitutional. The only question which was before the court in that case was whether the legislature could increase the jurisdiction of justices of the peace from 10 pounds to 20 pounds and the court decided that the act increasing the jurisdiction of justices of the peace was not unconstitutional. The following language of Mr. Justice YEATES is significant: "When the convention declare in the 5th section of the bill of rights, that 'trials by jury shall be *as heretofore,* and the right thereof shall remain inviolate,' I do not conceive that any restriction is thereby laid on the legislative authority, as to erecting or organizing new judicial tribunals in such manner as may be most conducive to the general weal, on a change of circumstances effected by a variety of causes. This appears plain to me from the 5th article of the constitution, which vests the Judicial power of the state 'in a supreme court, courts of oyer and terminer, and sessions of general gaol delivery, common pleas, orphans' court, register's court, sessions of the peace, justices of the peace, and in *such other courts* as the legislature may from time to time establish.' But it is equally obvious to my understanding, that the legislature cannot constitutionally impose any provisions substantially restrictive of the right of trial by jury. They may give existence to new *forums;* they may modify the powers and jurisdiction of former courts, in such instances as are not interdicted by the constitution from which their legitimate powers are derived. Still, the sacred inherent right of every citizen, a trial by jury, must be preserved. *'It shall remain inviolate,* as heretofore.' "

In the present case the appellee (defendant below) presented a petition to the court below for leave to appeal and that court refused to allow the appeal without stating any reason for the refusal. We, therefore, have the constitutional question clearly raised. True it is that the appeal was taken by the plaintiff below from the refusal of the court to dismiss defendant's appeal. The lower court's decision, if correct, may be sustained for a different reason than that which it assigned in its opinion. And this is so even though the question was not raised or considered by the court below: *Sherwood v. Elgart,* 383 Pa. 110, 115, 117 A. 2d 899. It follows that the appellee may properly contend at this time that the Act of 1956 is unconstitutional.

Article I, §6 of the Constitution of 1874 provides that "Trial by jury shall be as heretofore, and the right thereof remain inviolate."[2]

---

[2] The Commission on Constitutional Revision, appointed pursuant to the Act of July 15, 1957, P. L. 927, presented to the Governor and the members of the General Assembly on March 9, 1959 a report in which they recommended that art. I, §6 of the Constitution of the Commonwealth of Pennsylvania be amended to read: "Section 6. Trial by Jury in criminal cases shall be as heretofore, and the right thereof remain inviolate." The comments to this proposed amendment submitted with the report are as follows:

"Section 6 of Article I of the Constitution provides that 'Trial by jury shall be as heretofore, and the right thereof remain inviolate.' As this is interpreted, not the slightest change may therefore be made, either by legislation or otherwise, in the existing jury system. As far as *criminal* trials are concerned, there can be. no quarrel with this constitutional protection of the right of an accused to have his guilt or innocence determined by the unanimous vote of a jury of 12 of his 'peers,' and in accordance with all the rules, regulations and procedure traditionally associated with the conduct of such trials.

"The Commission has no thought whatever that trial by jury in *criminal* cases should be other than as heretofore or that the

Speaking of an identical provision in the Constitution of 1838, the Supreme Court, in *Byers and Davis v. Com.*, 42 Pa. 89, 94, said: "Our first constitution, that of 1776, declared that 'trials by jury shall be *as heretofore.*' The Constitution of 1790, and the amended one of 1838, adopted substantially the same provision. Their language was, 'trial by jury shall be *as heretofore,* and the right thereof remain inviolate.' All looked to preservation, not extension. It is the old right, whatever it was, the one previously enjoyed, that must remain inviolable, alike in its mode of enjoyment and in its extent. What, then, was this right thus cherished and thus perpetuated? We inquire not now after the mode in which such a trial was conducted. Our business at present is to ascertain how

---

right thereof should not remain inviolate. What the Commission does believe, however, is that there is no reason for such immutability in regard to jury trials in *civil* cases, and it is therefore recommending that the right to the practice in *such* cases be left to such possible legislative modifications in the future as may from time to time be deemed desirable or even essential.

"England, which of course was the mother of the jury system, has practically abolished civil jury trials altogther, but the Commission is not, of course, suggesting any such action; it urges merely that this, and indeed all other existing methods of adjudicating civil controversies, should not be constitutionally ossified into a mould forever unchangeable in any respect whatever.

"What, it might be asked, would be the nature of such possible changes? It has often been pointed out as anomalous that, whereas grave questions affecting the welfare of our entire country are not infrequently decided by the Supreme Court by a vote of 5 to 4 of a membership of 9, a controversy concerning a debt of merely, say $10—if either party insists on his ultimate right to a jury trial—can be adjudicated only by the unanimous concurrence of 12 persons.

"Could justice, perhaps, be accomplished as well, or even better, by a jury of less than 12? or by a mere majority or some larger fraction short of absolute unanimity? or by provision for a special type of jury in cases where the question at issue is really

far the right to a trial by jury extended—to what controversies it was applicable."

The Act of 1810, 5 Sm. L. 161, §§3 and 4, 42 PS §§661, 662, provides that the judgment of a justice of the peace shall be final if the demand does not exceed $5.33. If the demand is between $5.33 and $100.00, the trial may be before a justice of the peace or may be before referees, depending on circumstances not relevant here; if his or their judgment is less than $20.00, the judgment is final; if for more than $20.00 the appeal is of right.

The effect of the Act of 1956 was to prohibit appeals, as a matter of right, where the judgment given by the magistrate, alderman, or justice of the peace does not exceed the amount of $100.00, excluding costs.

The Act of 1956 makes provision for an appeal upon "special allowance," presumably upon cause shown, thus assimilating the practice to that in ap-

---

one for qualified scientific or other experts to decide rather than mere laymen? or by trials in some cases before judges alone, thereby permitting of a speedier administration of justice than now possible, especially in our larger cities?

"When it is remembered that proceedings in equity often of the greatest importance are conducted by judges without juries, and that the same is true in proceedings in the Orphans' Courts and before Workmen's Compensation and Unemployment Compensation Boards, it is clear that jury trials have never been regarded as indispensable for the adjudication of civil controversies, and certainly not in each and every detail of their present prescribed form and composition.

"However, it must again be stated that the Commission is not recommending any constitutional provision for the abolition or modification of any feature whatever of the jury system or the right thereto even in civil cases as now existing, but only that the way be left open as to such cases for possible future changes if at any time deemed necessary or desirable, retaining as inviolate the right to jury trials in criminal cases as now provided in the Constitution."

peals from summary conviction. See Constitution of 1874, art. V, §14. This provision does not, in our opinion, save the act, for the fact remains that under the terms thereof trial by jury is no longer a matter of right, but a matter of discretion with the court. It should be recalled that in the present case the leave was refused without any reason being given therefor.

In *Smith Case*, 381 Pa. 223, 112 A. 2d 625, the Supreme Court upheld the constitutionality of the Act of January 14, 1952, P. L. 2087, amending the Act of June 16, 1836, P. L. 715, which provides for compulsory arbitration. In the course of the opinion it is said, at page 230: "In the Capital Traction Co. case [*Capital Traction Co. v. Hof*, 174 U. S. 1] it was said (p. 23): 'It [the Constitution] does not prescribe at what stage of an action a trial by jury must, if demanded, be had; or what conditions may be imposed upon the demand of such a trial, consistently with preserving the right to it.' The only purpose of the constitutional provision is to secure the right of trial by jury before rights of person or property are *finally* determined. All that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable. As to what amounts to such a forbidden restriction it has been held that the constitutional provision is not violated by a requirement of the payment of costs before the entry of an appeal in order to obtain a jury trial: McDonald v. Schell, 6 S. & R. 239, nor by a requirement of giving bail for the payment of costs accrued and to accrue or for the performance of some other duty: Haines v. Levin, 51 Pa. 412; Commonwealth, for use, v. McCann & Co., 174 Pa. 19, 34 A. 299; nor by a requirement of furnishing security for the prosecution of the appeal and satisfaction of the final judgment:

Capital Traction Co. v. Hof, 174 U. S. 1, 23, 43-45; nor by a requirement of the payment of a jury fee in advance of trial: Gottschall v. Campbell, 234 Pa. 347, 361, 83 A. 286, 291."

It is clear that the Act of 1956, in those cases falling within its purview, works an outright deprivation of the right of trial by jury, in contravention of the basic law.

We are mindful of the rule that an act of assembly is to be declared void only when it violates the Constitution clearly, palpably, plainly, and in such manner as to leave no doubt or hesitation in the mind of the reviewing court: *Penn Anthracite Mining Co. v. Anthracite Miners of Pennsylvania,* 318 Pa. 401, 405, 178 A. 291. However, we are led to the inescapable conclusion that the act of assembly in controversy is in plain conflict with the mandate of art. I, §6, of our Constitution.

Order affirmed.