386 A.2d 964

**COMMONWEALTH of Pennsylvania**

v.

**Damon ALLEN, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1976.

Decided April 28, 1978.

Reconsideration Denied June 7, 1978.

■■■■■

Julius E. Fioravanti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gale M. Barthold, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

The Court being equally divided the order of the Court of Common Pleas of Philadelphia County remains in effect.

NIX, J., files an Opinion in Support of Affirmance joined by O'BRIEN, J.

ROBERTS, J., files an Opinion in Support of Affirmance.

EAGEN, C. J., files an opinion in support of reversal joined by POMEROY, J.

MANDERINO, J., files an opinion in support of reversal.

JONES, former C. J., did not participate in the decision of this case.

OPINION IN SUPPORT OF AFFIRMANCE

NIX, Justice.

Appellant, Damon Allen, was convicted by a jury of murder in the second degree,[1] robbery,[2] criminal conspiracy,[3] burglary[4] and possessing an instrument of crime,[5] in connection with the death by stabbing and beating of William Nathaniel Rupert in Philadelphia on September 25, 1974. Post-verdict motions were filed and denied. A sentence of life imprisonment was imposed for second degree murder and concurrent sentences were imposed for the other convictions, except possessing an instrument of crime, for which sentence was suspended.

■ In this direct appeal from all the judgments of sentence except the suspended sentence for possessing an instrument of crime, appellant contends: (1) that his waiver of *Miranda* rights was defective because he was a juvenile and was not given an opportunity to consult with an informed and interested adult; (2) that the length of time and change of circumstances between his original *Miranda* warnings and his confession necessitated re-warning; (3) that his confession was the product of an illegal arrest; (4) that the trial judge improperly limited voir dire questioning as to prospective jurors' home addresses; and (5) that it was error to refuse to sequester the jury after they had seen allegedly inflammatory newspaper articles. None of these claims was raised in appellant's written post-verdict motions.[6] Appel-

1. 18 Pa.C.S.A. § 2502(b) (Supp.1977–78).

2. *Id.* § 3701.

3. *Id.* § 903.

4. *Id.* § 3502.

5. *Id.* § 907.

6. From the Commonwealth's brief, it appears that on the day of argument of the .notions, appellant's counsel presented to the trial court a written memorandum which discussed some of the issues appellant now raises. This memo, however, was never officially filed in the lower court. Hence, it is not part of the record, Pa.R.A.P.

lant's motions were filed April 1, 1975, more than two months after *Commonwealth v. Blair*, 460 Pa. 31, 33, n.1, 331 A.2d 213, 214, n.1 (1975), announced that henceforth we would insist on strict compliance with the requirement of Pennsylvania Rule of Criminal Procedure 1123(a) that all issues raised and grounds relied upon by a defendant objecting to a verdict be presented in written post-verdict motions. *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978). Accordingly, all of appellant's claims are waived.

Opinion in Support of Affirmance joined by O'BRIEN, J.

## OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

I write only to point out that appellant filed post-verdict motions on April 1, 1975, after *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) was published on March 1, 1975 in the West reporter system advance sheets, and therefore is properly subject to *Blair*. Had appellant filed post-verdict motions subsequent to our decision in *Blair* but before *Blair* received publication, it would be unfair to impose upon him a decision of which he could not be aware. *Commonwealth v. Barnes*, — Pa. —, — A.2d — (J. 330 of 1976, filed March 23, 1978), (dissenting opinion of Roberts, J.); see *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); cf. *Commonwealth v. Cheeks*, 429 Pa. 89, 239 A.2d 793 (1968) (failure to assert right at trial did not waive right announced subsequent to trial).

EAGEN, Chief Justice. Opinion in Support of Reversal.

I am compelled to dissent. In *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977), and *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), we held that *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), would not compel a finding of waiver where a written brief raising the issues allegedly waived was *filed*. And in *Commonwealth v.*

1921, and may not be considered by this Court on appeal, *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974).

*Pugh*, 476 Pa. 445, 383 A.2d 183 (1978), (plurality opinion), three members of this Court stated *Blair* would not be applied where a brief was *presented* to the post-verdict motion court. Furthermore, while Mr. Justice Pomeroy dissented from the order in *Pugh,* his dissenting opinion clearly reaches the merits of Pugh's assignments of error. It follows that a majority of the Court has not applied *Blair* where a brief is either *filed* or *presented.*

I share the Court's concern for certainty in a record and for enforcement of our rules of procedure, and accordingly I would be willing to announce that henceforth the brief must be *filed.* Indeed, I would be willing to go further and announce that henceforth we will apply the mandate of *Blair* even where the brief is filed, i. e., require that every issue be raised in the written post-verdict motions without exception. But I would do so prospectively only because I see no reason to treat Damon Allen differently from Pugh.

The Court cites Pa.R.A.P.1921 in support of its view that a distinction should be drawn between cases wherein a brief is filed and cases wherein a brief is only presented to the post-verdict motion court. Pa.R.A.P.1921 does state that the record in a case shall consist of "original papers and exhibits filed in the lower court," and *Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974), does support the proposition that this Court is confined to the facts of record. But if we are to now rule that briefs which are *presented* to the trial court but not *filed* with the prothonotary of the court are not part of the record, I again believe we should do so prospectively.

In *Commonwealth v. Piper,* 458 Pa. 307, 328 A.2d 845 (1974), we reiterated our holding that issues not raised in the Superior Court will not be considered by this Court on appeal. Yet the records certified to this Court in appeals from the Superior Court seldom, if ever, include the briefs filed in that court. In fact, we frequently must inquire to obtain them. Furthermore, briefs presented to the Superior Court are not made part of the record. A post-verdict motion court in a sense is an appellate court, and my

experience reveals that the briefs whether filed in or presented to the post-verdict motion court are available upon inquiry just as the Superior Court briefs are. Thus, I see no reason to use our Rules of Appellate Procedure, in connection with events that have already transpired, in what I believe is a highly technical manner. Functionally, whether the briefs are filed or presented, we can obtain them and thereby be certain of what was presented to the post-verdict motion court in writing.

I dissent.*

POMEROY, J., joins in this opinion.

MANDERINO, Justice. Opinion in Support of Reversal.

Once again this Court deems waived possibly meritorious claims, in this case of constitutional stature, because appellant's counsel was not aware of a footnote in a case this Court decided before post-verdict motions were filed but which had not yet been reported in the official state reporter. *See Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978) (Manderino, J., dissenting). The Court so holds notwithstanding this fact, and notwithstanding our recognition that at the time post-verdict motions were filed in this case, post-verdict courts often ignored Pa.R.Crim.P. 1123(a), accepting and ruling on oral motions not specifically set forth in written form. *Commonwealth v. Fortune*, 464 Pa. 367, 371, 346 A.2d 783, 785 (1975); *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975).

I must reiterate my firm conviction that to deem issues waived under these circumstances is unfair, and unjustifiably elevates the interest in enhancing the quality of appellate review above our responsibility to ensure that the criminal process accorded an accused comports with constitutional or state evidentiary principles. *See Commonwealth v. Waters, supra* (Manderino, J., dissenting). I dissent from the Court's finding that appellant's claims are waived.

* I express no view on the merits of this appeal.