386 A.2d 495

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anthony R. JONES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 17, 1978.

Decided April 28, 1978.

John C. Anderson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Anthony R. Jones appeals from the sentence of life imprisonment imposed following his conviction of murder of the first degree after a nonjury trial in Philadelphia.

The sufficiency of the evidence to warrant a finding of murder of the first degree is first questioned. A study of the record demonstrated this complaint is without merit.

Viewing the evidence and all reasonable inferences therefrom in a light most favorable to the Commonwealth, it establishes the following:

On January 7, 1975, at 6:30 p. m., the dead body of Eva Smith was found in her home by her son, Preston Smith. Police were called and observed the deceased lying on the floor with multiple stab wounds in the back and various blows to the head. They found two fresh fingerprints on the doorjamb in the area near where the body was found. It was later ascertained that the fingerprints were those of Jones.

Preston Smith informed the police that his mother and he were the only occupants of the premises; that Jones was a friend of his mother and a frequent visitor; that on one occasion Mrs. Smith discovered Jones rummaging through her purse; that Jones had driven her car in the past; and, that this car, which was equipped with a burglar alarm requiring a special key, was missing. Although there was no evidence of forcible entry, Eva Smith's pocketbook was found open on the kitchen table with some of the contents missing including the key to her car's burglar alarm.

■ On the basis of this information, Jones was arrested without a warrant in his home on January 31, 1975, at 7:20 a. m. and was immediately taken to the Police Administration Building. At about 11:30 a. m., he admitted assaulting the victim and shortly thereafter gave the police a detailed description of the occurrence which was stenographically recorded. In sum, Jones told the police that, after watching television and talking to Eva Smith, he suffered a "migraine headache;" that "this migraine headache came over me and I got like mad;" that, without provocation, he then got an ash tray and hit Smith in the back of her head with it and knocked her down; that he then beat Smith with a telephone and stabbed her with a knife; that, after the assault, he took the victim's wallet and keys, drove her car, and parked it in the vicinity of Broad and Olney Streets; and, that he then got on a bus.

At trial Jones took the stand in his own behalf and testified that he had almost no recollection of what occurred between himself and the deceased, and that, at the time of this incident, he did not know what he was doing. Under the circumstances, the truth was for the factfinder and the proof was legally sufficient to warrant an adjudication of guilt of murder of the first degree. Cf. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976); *Commonwealth v. Petrisko*, 442 Pa. 575, 275 A.2d 46 (1971), and, *Commonwealth v. Carroll*, 412 Pa. 525, 194 A.2d 911 (1963).

■ Next, Jones contends his arrest was without probable cause and his incriminating statements while in police custody should have been suppressed as the fruit of an unlawful arrest.[1]

---

1. A pretrial motion to suppress this evidence was denied after an evidentiary hearing. Evidence of these incriminations was admitted at trial.

Also, the Commonwealth argues the issues involving the admissibility of Jones' statements are waived because they were not set forth in post-verdict motions, citing *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). However, the issues were set forth in a brief presented to the post-verdict motion court and are therefore preserved for review. *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978) (plurality opinion, Eagen, C. J., joined by O'Brien and

As we have often stated, probable cause exists if the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. *Commonwealth v. Levesque*, 469 Pa. 118, 127, 364 A.2d 932, 937 (1976); *Commonwealth v. Culmer*, 463 Pa. 189, 195, 344 A.2d 487, 490 (1975).

In the instant case the suppression court found that Jones was arrested on January 31, 1975, at 7:20 a. m. By that time, the police had established that there were no signs of forcible entry into Eva Smith's residence; that Jones had regularly visited her home and, on one previous occasion according to her son, the decedent found Jones rummaging through her purse; that Jones was familiar with and had driven the victim's car which was equipped with a burglar alarm which had to be turned off with a special key prior to operating the car; and, that her car keys, including the special burglar alarm key, and her wallet were missing from her purse. In addition, two of Jones' fingerprints had been found on the doorjamb in the area near where the body was found.

The above findings of fact are supported by the record and are quite adequate to establish probable cause. Since probable cause to arrest existed, it is not necessary to discuss Jones' related contention that his custodial statements to the

Manderino, JJ.; dissenting opinion, Pomeroy, J.). See *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977). Furthermore, we decline to draw a distinction between a brief filed with a clerk of the court and those presented to the court without filing on the basis that the former becomes part of the record and the latter does not. The distinction would place form over substance, particularly when briefs filed in the intermediate appellate courts of this Commonwealth have not to date been made part of the record when certified to this Court on appeal. The post-verdict motion court performs an appellate function and briefs presented to that court should be considered when made available to us to resolve waiver questions even though they are not "technically" part of the record. The situation presents us with circumstances which are no different than when we consider briefs presented to the intermediate appellate courts which are not made part of the record.

police were the tainted product of an illegal arrest. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ Jones further argues that, even if probable cause existed, his arrest was illegal because it was accomplished without an arrest warrant and in the absence of exigent circumstances. Since Jones raised this issue for the first time in his post-verdict motions, it has not been properly preserved for appellate review and is therefore waived. *Commonwealth v. Cooley*, 465 Pa. 35, 40, n. 5, 348 A.2d 103, 106, n. 5 (1975).

■ Further, Jones complains the evidence of his custodial statements should have been suppressed for other reasons. In this connection, Jones initially argues the recorded statement was "involuntary" because he was not warned of his constitutional rights as mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), immediately before this statement was given. The suppression court found upon ample evidence that just three hours before Jones first incriminated himself he was fully advised of his constitutional rights and knowingly waived them. The written statement complained of followed shortly after his first incrimination. Moreover, the incriminations were made in the same room where the constitutional warnings were given and in the presence of the same police officer who gave them. Under these circumstances, Jones can hardly say with merit that the *Miranda* warnings given were stale at the time of the recorded statement. Cf. *Commonwealth v. Gray*, 473 Pa. 424, 374 A.2d 1285 (1977).

■ Jones was questioned by the police for a period of approximately three hours before incriminating himself. Before this self-incrimination, he denied involvement and underwent a polygraph test. He now complains that, before agreeing to this test, he did not "effectively" waive his constitutional right of silence. The suppression court ruled otherwise and, since its findings in connection therewith are

based on substantial evidence and are adequate to support its conclusion, this complaint cannot prevail.[2]

■ Jones further argues that his incriminations were obtained in violation of *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972) and Pa.R.Crim.P. 130 because they were the products of an unnecessary delay between arrest and arraignment. The time period from Jones' arrest at 7:20 a. m. until his inculpatory statement at 11:30 a. m. constitutes the relevant period of four hours and ten minutes for assessing the *Futch* claim.[3] *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974). The suppression court found Jones' *Futch* claim to be totally devoid of merit. We agree. The length of time involved here and the circumstances of this case do not establish a *Futch* violation. *Commonwealth v. Coley,* 466 Pa. 53, 351 A.2d 671 (1976); *Commonwealth v. Boone,* 467 Pa. 168, 354 A.2d 898 (1975).

■ Jones finally argues that his statements were involuntary under "the totality of the circumstances" test. *Commonwealth v. Purvis,* 458 Pa. 359, 326 A.2d 369 (1974). With respect to this claim, the suppression court found as follows: At the time of his arrest Jones was 21-years-of-age and had completed high school. He was alert, responsive, fully aware of being questioned, and not under the influence of alcohol or drugs. He was not threatened, beaten, or physically abused. He was not improperly induced to make his statements. The total time of actual questioning was three hours and fifty-two minutes. The questioning was interrupted by rest periods, food and water breaks, and bathroom breaks. While some of the above findings were based on conflicting testimony, they are supported by evidence in the record, and hence will not be disturbed on appeal. Thus, we

---

**2.** In connection with his arguments that he did not effectively waive his right and that the statements were involuntary, Jones now attempts to argue we should impose certain specific standards to govern the administration of polygraph examinations. This issue was not presented in the motion to suppress and is thus waived. See Pa.R.Crim.P. 323.

**3.** Jones did not arrive at the Police Administration Building until 8:15 a. m.

cannot say that the suppression court erred in its finding that Jones' statement was voluntarily given under "the totality of the circumstances" test.

Judgment affirmed.

NIX, J., filed a concurring opinion.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joined.

NIX, Justice, concurring.

The majority opinion states in footnote 1 that issues which appellant failed to include in written post-verdict motions are preserved for review because they were set forth in a brief which was presented to, but not filed with, the lower court.[1] This memorandum does not constitute part of the record before us in this appeal, Pa.R.A.P. 1921.[2] It is axiomatic that an appellate court may consider only matters that appear of record. *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974). The brief which allegedly was presented to the lower court appears nowhere in this record, nor is there reference to it in the lower court's opinion. Assuming the existence of this phantom brief, the majority has failed to suggest how the members of this Court are to inspect it in order to determine what issues were in fact raised therein. Thus, even if I were to accept the existence of this brief, it provides no assistance in determining the question at hand, since its contents are not available for our consideration. *Commonwealth v. Allen*, 478 Pa. 342, 345, n. 6, 386 A.2d 964, 966, n. 6 (Opinion in Support of Affirmance by Nix, J., joined by O'Brien, J.).

Appellant's boiler-plate written post-verdict motions challenging only the sufficiency of the evidence were filed on

1. The only reference to the existence of the document appears in the Commonwealth's brief filed with this Court.

2. Pennsylvania Rule of Appellate Procedure 1921 states:
   "The origina⸲ papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases."

June 30, 1975, more than five months after this Court announced in *Commonwealth v. Blair*, 460 Pa. 31, 33, n. 1, 331 A.2d 213, 214, n. 1 (1975) that thereafter issues not raised in written post-verdict motions in accordance with Pennsylvania Rule of Criminal Procedure 1123(a) would not be considered by our trial and appellate courts. Accordingly, I believe all issues other than sufficiency of the evidence were waived, even though the court below considered the issues in its opinion, *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978).

While I thus concur in the result reached by the majority, I believe that its failure to find these issues waived can only result in exacerbating the confusion which already exists as to waiver for non-compliance with Rule 1123(a). That confusion has its roots in *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), wherein a four-member majority of the Court created an exception to *Blair*, in cases in which a written brief or memorandum was filed with the lower court. I have previously set forth my belief that this exception, which was applied again in *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977), would lead to confusion among trial attorneys and lower courts, and foster disrespect for the rules of this Court. *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978) (Dissenting Opinion by Nix, J.). The majority's result today provides a perfect illustration.

In order to find that the issues in this case are not waived, the majority ignores not only the clear definition of the record on appeal promulgated *by this Court* in Rule of Appellate Procedure 1921, but also the principle, settled for centuries, that an appellate court may not consider matters outside the record on appeal.[3] The majority's explanation for why it does so fails even on its own terms. While it purports to be expanding the exception to *Blair* which was unwisely created in *Grace*, the majority has actually repudiated the reasoning upon which *Grace* was premised. The

3. *See, e. g.*, the copious authority cited in *Commonwealth v. Young*, 456 Pa. 102, 115, n. 15, 317 A.2d 258, 264, n. 15 (1974).

182

majority in *Grace* explicitly stated that it would consider the issues preserved because the memorandum *filed* by the appellant with the lower court "assured certainty in the record *and* assures us the issues were presented to the post-verdict motion court." *Id.* 473 Pa. at 546, 375 A.2d at 723 (emphasis in original). However, in this appeal that dubious assurance of "certainty in the record" is absent. Until this Court resolves to apply its procedural rules firmly and consistently, we will continue to have rampant confusion in an area where it is of paramount importance to obtain clarity and certainty. *See* Pa.R.Crim.P. 2; *Commonwealth v. Pugh, supra* (Dissenting Opinion by Nix, J.).

ROBERTS, Justice, dissenting.

I dissent. Appellant should be granted a new trial because he was prejudiced by admission of an incriminating statement obtained during unnecessary delay between arrest and arraignment in violation of *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972) and Pa.R.Crim.P. 130.

MANDERINO, J., joins in this Dissenting Opinion.