393 A.2d 455

COMMONWEALTH of Pennsylvania

v.

Gary ROBERSON, Appellant.

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Oct. 20, 1978.

472

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant was arrested at the age of seventeen and subsequently convicted of various offenses following a jury trial. Following denial of his post-trial motions for a new trial and in arrest of judgment, appellant was sentenced. We affirm that judgment.

■ Appellant presents one issue which, if it had been properly preserved, would entitle him to a new trial, namely that his confession should have been suppressed because he was not given an opportunity, prior to waiving his *Miranda* rights, of consulting with an interested adult,[1] in accordance with *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975). Appellant argued in his post-verdict motions:

> "The court erred in not granting defendant's motion to suppress defendant's alleged confession and admitting same into evidence as the statement was the fruit of an

---

1. Appellant also raises the following contentions for our consideration: (1) that his case should not have been certified from juvenile to adult court because of insufficient evidence, (2) that he was not timely tried in accord with Pa.R.Crim.P. 1100, (3) that the prosecutor misstated facts and expressed his opinion of appellant's guilt in his summation, and (4) that the trial court erred in refusing to give appellant's requested point for charge regarding identification testimony. A review of the record satisfies us that these contentions, properly presented in post-trial motions, are without merit.

illegal arrest and the product of unnecessary delay between arrest and arraignment; furthermore, *the defendant did not knowingly and intelligently waive his constitutional rights and the statement was involuntary under the totality of the circumstances."* (emphasis added)

The Pennsylvania Supreme Court decided in *Commonwealth v. Baylis,* 477 Pa. 472, 384 A.2d 1185 (1978), that when a juvenile did not specifically assert in his suppression motion that he had no opportunity to consult with an interested adult, but rather that his *Miranda* rights were ineffective, the specific issue was not preserved. We find the language in this case equally insufficient to preserve the identical claim in post-trial motions.

■ Furthermore, we do not accept the rationale of the dissent that appellant preserved the issue by specifically presenting it in an addendum brief to his post-trial motions; the brief was not included in the record which accompanied the appeal to our court. The dissenters would not find waiver because, once a formal request was made by our prothonotary, a copy of the addendum brief was supplied to this court. This we do not accept. *See Commonwealth v. Walsh,* 252 Pa.Super. 111, 380 A.2d 1307 (1977).

In *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), the supreme court held that to be preserved for appellate review, all issues which a defendant wished to assert had to be initially presented to the lower court in written post-trial motions. Since that decision, a myriad of others has followed, more often confusing than elucidating what appeared to be a very simple dictate at the outset. In *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977), the court held that in cases in which a written brief or memorandum was *filed* with the lower court, but no post-trial motions were filed, the strict waiver concept of Pa.R.Crim.P. 1123 would not be enforced. In *Commonwealth v. Jones,* 478 Pa. 172, 386 A.2d 495 (1978), the supreme court retreated further from the orderly process it urged in *Blair,* and it found that a brief *presented* to the lower court and containing the defendant's assignments of error would be given the same credence that

a *filed* memorandum or brief would receive. Chief Justice Eagen wrote in his majority opinion that, "The post-verdict motion court performs an appellate function and *briefs presented to that court should be considered when made available* to us to resolve waiver questions even though they are not 'technically' part of the record." 478 Pa. at 177, n.1, 386 A.2d at 497, n.1 (emphasis added).

Justice Nix, who concurred with the result reached by the majority but fervently denounced the majority's further watering down of *Blair* and Rule 1123, stated in his concurring opinion in *Jones:*

"In order to find that the issues in this case are not waived, the majority ignores not only the clear definition of the record on appeal promulgated *by this Court* in Rule of Appellate Procedure 1921, but also the principle, settled for centuries, that an appellate court may not consider matters outside the record on appeal. . . . Until this Court resolves to apply its procedural rules firmly and consistently, we will continue to have rampant confusion in an area where it is of paramount importance to obtain clarity and certainty." 478 Pa. at 181, 386 A.2d at 499–500 (footnote and citations omitted) (emphasis in original).

Unfortunately, the words of Justice Nix went unheeded.

Although abide by the supreme court's decisions we must, we simply do not read *Jones* to place upon this court the obligation of expending time, effort and man power to scout around the prothonotaries' offices in fifty-nine courts of common pleas to unearth briefs that may have been "presented" to the courts, but not made part of the records, in an effort to find defendants' assertions of error preserved. We interpret *Jones* to require that if a defendant presents a memorandum or brief to the post-trial motions court, and, whether filed with the clerk or not, it is included in the record certified to us, then we are constrained to find his assertions preserved and to rule upon them. Absent that, we do not feel compelled to exert this court's energies

engaging in a hunting expedition. Until mandated to do so, we will not.[2]

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion in which CERCONE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I dissent.

Appellant was seventeen years old when he was arrested on January 23, 1975. The arresting officers took him to the Police Administration Building where, after questioning that lasted over a period of eight and one half hours, he confessed. At no time before appellant waived his *Miranda* rights did the police offer him the opportunity to consult with an interested, informed parent, adult, or lawyer.[1] "Statements made by a juvenile without this protection must be suppressed." *Commonwealth v. Walker,* 477 Pa. 370, 374, 383 A.2d 1253, 1255 (filed March 23, 1978). *See also Commonwealth v. Lawson,* 478 Pa. 200, 386 A.2d 509(filed April 28, 1978); *Commonwealth v. Graver, supra* note 2; *Commonwealth v. Smith, supra* note 2.

The Commonwealth contends that appellant has failed to preserve his right to argue on appeal that his confession

2. Of course, appellant's assertion is not preserved for review simply because the lower court opinion and addresses it. *Commonwealth v. Slaughter,* 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978).

1. At the suppression hearing, police officers testified that appellant was permitted to make a telephone call to his mother, about six hours after the questioning began. This call could not satisfy the requirement of consultation with an *informed* adult, *i. e.,* one who has been informed of the suspect's constitutional rights. *See Commonwealth v. Graver,* 473 Pa. 473, 475, 375 A.2d 339, 340 (1977); *Commonwealth v. Smith,* 472 Pa. 492, 499–01, 372 A.2d 797, 801–02 (1977).

should have been suppressed because made without informed adult advice, on the theory that appellant's post-verdict motions did not specifically advance this argument. Included in the post-verdict motions was this:

> The Court erred in not granting defendant's motion to suppress defendant's alleged confession and admitting same into evidence as the statement was the fruit of an illegal arrest and the product of unnecessary delay between arrest and arraignment; furthermore, *the defendant did not knowingly and intelligently waive his constitutional rights* and the statement was involuntary under the totality of the circumstances. (Emphasis added.)

In *Commonwealth v. Baylis,* 477 Pa. 472, 384 A.2d 1185 (1978), the Supreme Court held that the emphasized language was insufficient to preserve a juvenile's claim of ineffective waiver of *Miranda* rights in a suppression motion. It is not clear whether this holding is applicable to a case like this one, which involves not a suppression motion but a post-verdict motion; the requirements of Pa.R.Crim.P. 323(d) (a suppression motion must "state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof") appear more stringent than those of Pa.R.Crim.P. 1123(a) ("only those issues raised and the grounds relied upon in the motions may be argued" in post-verdict proceedings).[2] I would not decide this point, however, but assume for sake of discussion that appellant's post-verdict motions were not sufficiently specific. Nevertheless appellant preserved the issue now argued to us by including it in a brief submitted to the lower court as an addendum to the post-verdict motions. *Commonwealth v. Pugh,* 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo,* 474 Pa. 63, 376 A.2d 635 (1977).[3]

---

**2.** Rule 323(d) is the cited basis for the holding of *Commonwealth v. Baylis, supra.*

**3.** Although appellant's counsel "submit[ted the brief] to the court as an addendum to [his] post-trial motions," N.T. 742, the brief was not included in the record. It has, however, been made available to this court in accordance with the procedure sanctioned by the Supreme

The Commonwealth argues that the failure to suppress appellant's confession was harmless error because appellant took the stand and "spoke freely of his statement and the circumstances surrounding his confession." Appellee's Brief at 21. Citing *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977), the Commonwealth appears to read appellant's testimony as a "reiteration" of his confession. However, the record demonstrates that appellant did not reiterate his confession, but repudiated it. The error therefore was not harmless. *Commonwealth v. Lawson, supra* 478 Pa. at 205, 386 A.2d at 511. The Commonwealth also argues that the error was harmless under the "overwhelming evidence" test. Under that test, however, the overwhelming evidence relied on must be uncontradicted. *Commonwealth v. Story,* 476 Pa. 391, 412–16, 383 A.2d 155, 166–68 (1978). Here, the victims' identifications of appellant were contradicted by appellant's own testimony of an alibi, corroborated by testimony by appellant's mother.

I should reverse and remand for a new trial.

CERCONE, J., joins in this opinion.

Court in *Commonwealth v. Jones,* 478 Pa. 172, 176 n.1, 386 A.2d 495, 497 n.1 (1978). *See also Commonwealth v. Allen,* 478 Pa. 342, 386 A.2d 964 (1978) (Dissenting Opinion by EAGEN, C. J.).