393 A.2d 750

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Levance VAREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1977.

Decided Oct. 20, 1978.

Stephen J. Marcincin, Hellertown, for appellant.

Allan B. Goodman, Assistant District Attorney, Bethlehem, and John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

In a trial before a Judge and jury, the defendant was found guilty of violation of the Controlled Substance, Device and Cosmetic Act[1] (delivery of marijuana). Post trial motions were timely filed raising only the following issues:

"1. The verdict is contrary to the evidence.

"2. The verdict is contrary to the weight of the evidence.

"3. The verdict is contrary to the law."

Defendant reserved the right to file additional and supplemental reasons for a new trial when the notes of testimony had been transcribed, but none was ever filed.

Thus the defendant raised the sole issue of the sufficiency of the evidence. Under the rubric that the evidence was insufficient because the Commonwealth testimony showed that there was entrapment the defendant appellant would have us consider the defense of entrapment although he did not raise the issue of entrapment in his post trial motions. The appellant's post trial motions have not preserved for our review the issue of entrapment and we may therefore not consider it. *Commonwealth of Pennsylvania v. Slaughter,* 482 Pa. 538, 394 A.2d 453, (1976); *Commonwealth of Pennsylvania v. Allen,* 478 Pa. 342, 386 A.2d 964, (1976). While the court below did consider the argument of entrapment and it also considered the sufficiency of the evidence, the issue of entrapment is nevertheless not properly before us.

1. Act of April 14, 1972, P.L. 233, No. 64, sec. 1 et seq., 35 P.S. sec. 780–101 et seq.

■ As to the issue of the sufficiency of the evidence, George Sharpe, a drug investigator for the Pennsylvania Department of Justice, Bureau of Drug Control, testified that he bought the marijuana directly from the defendant-appellant and paid him for it. There was ample proof to sustain the conviction.

The court below held that the jury's verdict of guilty, which included a determination that there was no entrapment, was amply supported by the evidence. We hold that there was sufficient evidence to sustain the guilty verdict and that the issue of entrapment was not properly preserved. Hence we affirm the decision of the court below, in part for a reason different than that of the court below. This we may do. *Hader v. Coplay Cement Mfg. Co.,* 410 Pa. 139 at 145, 189 A.2d 271 (1963); *Gribbel v. Donoian,* 193 Pa.Super. 445 at 456, 165 A.2d 410 (1960).

Affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.