393 A.2d 1199

**COMMONWEALTH of Pennsylvania**

v.

**Leon JAMES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1978.

Decided Nov. 18, 1978.

Joseph V. Furlong, Jr., Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert E. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Glen S. Gitomer, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Leon James, was tried for the second time on June 17, 1975, and found guilty of murder in the first degree, aggravated robbery, burglary, and assault and battery with intent to commit murder. The charges stemmed from the May 6, 1971 robbery-shooting of a Philadelphia, Pennsylvania sporting goods store owner, Lewis Cooper. (Appellant's first trial also resulted in convictions for the above crimes. A joint petition requesting remand for an evidentiary hearing was granted by us on October 18, 1974, and on March 5, 1975, the remand court granted appellant's motion for new trial). Post-verdict motions were filed following the second trial. These motions were denied, and judgment of sentence of life imprisonment for murder was imposed with concurrent ten to twenty year terms for robbery and burglary, and three and one-half to seven years for assault. This appeal followed.

■ Appellant raises only two issues in this appeal. For the reasons that follow, we hold that neither has been properly preserved for appellate review. Additionally, pursuant to our statutory mandate, Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187, we have reviewed the sufficiency of the evidence as to appellant's guilt of murder in the first degree, and conclude that it was sufficient to sustain the jury's verdict.

■ Appellant first argues that the trial court committed reversible error in allowing Henry Cooper, the victim's brother, to testify that appellant was the person who shot

his brother. This issue is being raised for the first time before us: it was not raised in a pre-trial motion to suppress, at trial, or in post-verdict motions. It is, consequently, not properly before us now. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

■ Appellant also argues that a confession made by him to police interrogators following his arrest, and subsequently introduced at trial, should have been suppressed on the ground that it was not voluntarily, knowingly, and freely given by appellant. Trial counsel raised this issue orally during argument on post-verdict motions, however this issue was not raised in his written post-verdict motions, which were filed on June 17, 1976, and no written supplemental post-verdict motions memorandum of law, or brief was ever filed. The issue has therefore not been properly presented for appellate review. *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977).

Judgment affirmed.