402 A.2d 526

**COMMONWEALTH of Pennsylvania,**

v.

**Anthony J. TEGANO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided April 20, 1979.

Petition for Allowance of Appeal Denied Aug. 2, 1979.

454

Paul J. Quattrone, Ridgway, for appellant.

James A. Meyer, District Attorney, Ridgway, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

Appellant Anthony J. Tegano appeals from the judgment of sentence imposed following his conviction by a jury of aggravated assault and resisting arrest.[1]  Three issues are raised on appeal for our determination:

1) whether the arresting officer maintained such status as to entitle him to the right of lawful arrest;

2) whether there was sufficient evidence to support the conviction for aggravated assault;  and

3) whether appellant's use of force upon the arresting officer was justifiable under 18 Pa.C.S.A. § 506(a).

We do not reach the merits of these contentions for appellant has failed to comply with the Supreme Court's mandate in *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

Appellant's entire post-trial motion consisted of the following:

### Defendant's Motion for Judgment N.O.V.

AND NOW, to-wit this 10th day of March, 1977, the defendant, by Paul J. Quattrone, Esquire, his attorney, a point for binding instructions in his favor having been declined by the Court, moves the Court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record and for judgment in favor of the defendant non obstante veredicto upon the whole record.

---

1. Crimes Code, 18 Pa.C.S.A. § 2702(a)(3) and 5104, respectively.

Such a "boiler-plate" motion [2] can hardly be said to comport with *Blair's* requirement that, to be preserved for appellate review, all issues which a defendant wishes to assert must initially be presented to the lower court in specific, written post-trial motions. See, Pa.R.Crim.P. 1123; *Commonwealth v. James,* 482 Pa. 463, 393 A.2d 1199 (1978).

Moreover, appellant has not argued to us either that his failure to file specific motions was involuntary or that the trial court failed to comply with Pa.R.Crim.P. 1123(c), (duty of trial court to advise defendant, after verdict, of right to file post verdict motions and consequences of failure to so file). See, e. g., *Commonwealth v. Young,* 256 Pa.Super. 392, 389 A.2d 1180 (1978); *Commonwealth v. Marrero,* 478 Pa. 97, 385 A.2d 1331 (1978). Hence, this claim is waived and we will not embark on a sua sponte review of issues not properly before us. *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975); *Commonwealth v. Smith,* 258 Pa.Super. 148, 392 A.2d 727 (1978). Compare, *Commonwealth v. Taylor,* 257 Pa.Super. 298, 390 A.2d 831 (1978) (equally divided court) and *Commonwealth v. Richter,* 257 Pa.Super. 260, 390 A.2d 812 (1978) (equally divided court).

In its opinion disposing of appellant's motion for judgment n.o.v., the lower court refers to a "written brief" submitted to it advancing issue (2) above. We do not have the benefit of this "brief" as it has not been certified in the record before us. In certain circumstances, our courts have held that supplemental briefs or memos filed or presented to the post verdict court before argument may preserve the issues therein for appellate review in spite of the boiler-plate nature of the written post trial motions. *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977), (written brief or memo *filed* with lower court, when only "boiler-plate" post-verdict motions were filed, held to vitiate strict waiver of Rule 1123 and *Blair*); *Commonwealth v. Jones,* 478 Pa. 172,

2. Indeed, we might say appellant's post verdict motion is not even boiler-plate since it does not allege sufficiency of the evidence or legality of the verdict. See, e. g., *Commonwealth v. Vareen,* 259 Pa.Super. 127, 393 A.2d 750 (1978); *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977).

386 A.2d 495 (1978) (written brief or memo *presented,* but not filed, with lower court, with no specific post-verdict motions, held to preserve issues therein for appeal); *Commonwealth v. Smith,* 474 Pa. 559, 379 A.2d 96 (1977); compare, *Commonwealth v. Allen,* 478 Pa. 342, 386 A.2d 964 (1978) (equally divided court). In *Commonwealth v. Roberson,* 258 Pa.Super. 471, 475, 393 A.2d 455, 457 (1978), we construed the *Jones* decision, supra, as follows:

> We interpret *Jones* to require that if a defendant presents a memorandum or brief to the post-trial motions court, and, whether filed with the clerk or not, it is included in the record certified to us, then we are constrained to find his assertions preserved and to rule upon them. Absent that, we do not feel compelled to exert this court's energies engaging in a hunting expedition. Until mandated to do so, we will not. (footnote omitted).

Instantly, the "brief" to which the lower court refers was not filed with the lower court; nor was it included in the record before us. Hence, none of the issues are preserved.[3]

Judgment of sentence Affirmed.

SPAETH, J., files a dissenting opinion.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I regard the issue to be whether or not the trial judge advised appellant of his right to file post-verdict motions. The record discloses that the judge did not, thereby failing to comply with Pa.R.Crim.P. 1123. Appellant should not be held to have waived issues not raised in post-verdict motions, when the judge did not advise him of his right to file such motions. *See Commonwealth v. Smith,* 258 Pa.Super. 148, 392 A.2d 727 (1978) (concurring opinion by SPAETH, J.);

---

**3.** The fact that the lower court addresses a few of the issues is not sufficient to preserve them for review. *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); *Roberson,* supra; *Vareen,* supra; compare, *Commonwealth v. Clark,* 256 Pa.Super. 456, 390 A.2d 192 (1978).

458

*Commonwealth v. Taylor,* 257 Pa.Super. 298, 390 A.2d 831 (1978) (opinion in support of reversal).

I should therefore vacate the judgment of sentence and remand for the filing of post-verdict motions *nunc pro tunc.*