419 A.2d 89

**COMMONWEALTH of Pennsylvania**

**v.**

**Jessie HOAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed March 7, 1980.

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

In 1969, appellant, represented by privately retained counsel, was convicted, after a jury trial, of conspiracy, robbery, receiving stolen property and armed robbery. On direct appeal, taken on appellant's behalf by a public defender, this court affirmed per curiam without opinion. The Supreme Court of Pennsylvania denied allocatur. In 1977, appellant filed *pro se* a Post–Conviction Hearing Act (PCHA) petition, and a second public defender was appointed to represent him at the subsequent PCHA Hearing. Hearing counsel never moved to amend the petition. The hearing court refused to allow appellant to present any evidence and denied the petition.

On this appeal from that denial, appellant, represented by a third public defender, raises for the first time the claim that prior counsel were ineffective for failing to preserve and raise the argument that the jury observed appellant in handcuffs and were thereby unduly prejudiced against him.[1]

---

1. The Commonwealth maintains, and the court below agreed, that this issue has been "finally litigated," and thus is not properly before us, because it was raised post–verdict. It is clear, on reviewing

Inasmuch as appellant, in thus alleging the ineffectiveness of prior counsel, (which ineffectiveness is not apparent on the record) two of whom were from the same public defender's office, and is represented on this appeal by counsel from that same office, we remand for appointment of new counsel not associated with the public defender. *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). In order that the above issue might properly be raised below, we direct the lower court 1) to allow such new counsel to submit an amended PCHA petition; and 2) to conduct an evidentiary hearing thereon.

Order vacated and case remanded for proceedings consistent with this opinion.

appellant's written post–verdict motions, that the "handcuffs" issue was not raised therein. The reference in the trial court's Opinion to handcuffs was merely the court's purported distinction, based solely on its personal recollection, from the facts of the case before it of authority cited by appellant, and was in no way its determination of that issue.