422 A.2d 187

COMMONWEALTH of Pennsylvania,

v.

Lawrence STUMP, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed Oct. 24, 1980.

318

Larry A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

Appellant Lawrence Stump was convicted of criminal attempt (robbery) and aggravated assault following a non–jury trial in the Court of Common Pleas, Dauphin County. No post–trial motions were filed and consecutive terms of five to ten years imprisonment were imposed.

On this direct appeal, appellant contends the court erroneously admitted at trial his incriminating statement to the police. Since no post–trial motions were filed, this issue is clearly not preserved for our review. *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v.*

*Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Blair*, 460 Pa. 31, n.1, 331 A.2d 213, n.1 (1975). Moreover, appellant does not advance any argument alleging a failure to comply with Pa.R.Crim.P. 1123(c) (duty of court to advise defendant of right to file post verdict motions and consequences of failure to so file). See, *Commonwealth v. Johnson*, 489 Pa. 129, 413 A.2d 1047 (1980); *Commonwealth v. Tegano*, 265 Pa.Super. 453, 402 A.2d 526 (1979).

In addition, appellant contends that his trial counsel was ineffective in failing to properly preserve for review the admissibility of his confession and the failure to raise and preserve other issues pertaining to the legality of his arrest and an in–court identification by a Commonwealth witness. We are unable to resolve these questions, however, because both trial and appellate counsel are from the Dauphin County Public Defender's Office.

Our courts have often stated that the public defender will not be permitted to argue on appeal the effectiveness of trial counsel when trial counsel was also associated with the public defender, *Commonwealth v. Bundy*, 480 Pa. 543, 391 A.2d 1018 (1978); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Beasley*, 249 Pa.Super. 162, 375 A.2d 809 (1977), unless ineffective counsel and reversible error is apparent from the face of the record. *Commonwealth v. Glasco*, 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. Stanton*, 479 Pa. 521, 388 A.2d 1053 (1978); *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978). Here, any error resulting from counsel's failure to preserve these complex issues is not apparent on the face of the record.

While this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before us, we will not reject such a claim without a remand for appointment of new counsel.

*Commonwealth v. Fox*, 476 Pa. 475, 479, 383 A.2d 199, 201 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Glasco, Gardner*, supra.

Therefore, we are constrained to remand the record to the trial court for appointment of new counsel, not associated with the Dauphin County Public Defender Office to represent appellant for the presentation of his ineffectiveness claim to that court. See, *Commonwealth v. Viall*, 278 Pa.Super. 613, 420 A.2d 710, (1980); *Commonwealth v. Hoak*, 276 Pa.Super. 49, 419 A.2d 89, (1980). Following the appropriate proceedings, either party, if aggrieved, may appeal.

It is so ordered.