450 A.2d 664

**COMMONWEALTH of Pennsylvania, Appellant in No. 184,**

v.

**Van C. LYNCH, Jr., Appellant in No. 1744 and No. 183.**

Superior Court of Pennsylvania.

Argued June 12, 1980.

Filed July 23, 1982.

Reargument Denied Oct. 7, 1982.

Nino V. Tinari, Philadelphia, for appellant in Nos. 1744 & 183 and for appellee in No. 184.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellant in No. 184 and for Commonwealth, appellee in Nos. 1744 & 183.

Before WICKERSHAM, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

In a non-jury trial ending on April 27, 1979, defendant was convicted of robbery, possession of an instrument of crime, and criminal conspiracy. No post-verdict motions were filed. On July 26, 1979 the trial judge imposed a sentence of three to ten years imprisonment for robbery, with concurrent sentences of one to five years for the other two offenses. Defendant filed an appeal from this judgment of sentence on August 22, 1979.

On December 14, 1979 the trial judge entered an order stating that the sentence of July 26, 1979 was "vacated," and a "New Sentence" was imposed, consisting of three concurrent one-to-five year terms. The Commonwealth sought relief from the December 14 order's reduction of the sentence for robbery by filing a petition for writ of prohibition in this court on December 26, 1979. On December 28, 1979 this court entered a per curiam order, which stayed the trial court's "New Sentence" order of December 14, 1979, and ordered defendant to report to begin serving the original sentence on January 2, 1980.

Both the Commonwealth and defendant filed timely notices of appeal from the December 14, 1979 order. This court entered an order on March 14, 1980, denying the Commonwealth's petition for writ of prohibition, continuing the stay of the December 14, 1979 order, and consolidating the three appeals, which were argued together before this panel. We agree with the Commonwealth in its appeal (No. 184 Philadelphia, 1980) from the December 14, 1979 order, that the order is a nullity because the trial court was without jurisdiction to enter such an order at that time. We therefore vacate the December 14, 1979 order, and dismiss defendant's appeal from it (No. 183 Philadelphia, 1980). In

defendant's appeal from his original judgment of sentence of July 26, 1979 (No. 1744 October Term, 1979), we affirm.

## I.

█ The Commonwealth contends in its appeal that the trial court had no jurisdiction on December 14, 1979 to vacate the judgment of sentence of July 26, 1979, which defendant had appealed on August 22, 1979. We agree. Section 5505 of the Judicial Code provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. Under section 5505, the attempt to modify sentence was a nullity, both because the appeal had already been taken and because more than 30 days had passed since entry of the original sentence. *Commonwealth v. Canady,* 297 Pa.Super.Ct. 292, 296–297, 443 A.2d 843, 845 (1982). Therefore we vacate the modification order of December 14, 1979 and dismiss defendant's appeal from it.[1]

## II.

In defendant's appeal from his original judgment of sentence of July 26, 1979, the only issue raised is the sufficiency of the evidence. The Commonwealth contends that this issue is waived, because of defendant's failure to file post-verdict motions in accordance with Rule of Criminal Procedure 1123. We agree.

█ The opinion of the court below states that the defendant "filed" post-verdict motions by handing them to the judge's law clerk in chambers on August 8, 1979, while the judge was on vacation. However, no copy of these motions

1. Defendant is in no way prejudiced by this dismissal, since the second appeal was filed only as a protection in case the "New Sentence" imposed on December 14, 1979 were held valid.

is included in the record certified to this court under Rule of Appellate Procedure 1921. This is because leaving motions in the judge's chambers, or even handing a copy to the judge in the courtroom or elsewhere, does not constitute filing. A document in any criminal matter must be filed in the office of the clerk of courts, 42 Pa.C.S. § 2756(a), who in Philadelphia is known as the Clerk of Quarter Sessions. 42 Pa.C.S. § 2751(c). Thus, the motions allegedly left with the law clerk were never "filed in the lower court" within the meaning of Rule 1921, and did not become part of the record as defined by that rule. Ordinarily we should have to discuss the matter no further, and would simply not consider the motions, because of the principle that material outside the record cannot be considered on appeal. *E.g., Commonwealth v. Young,* 456 Pa. 102, 115 & n. 15, 317 A.2d 258, 264 & n. 15 (1974). However, the fact that the trial judge's opinion says that the motions were left in chambers before September 4, 1979, the effective date of *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979), creates a problem.

In *Commonwealth v. Gravely, supra,* 486 Pa. at 198–99, 404 A.2d at 1298, Chief Justice Eagen's lead opinion stated:

[W]e now rule that sixty days after the filing of this opinion, only those issues included in post-verdict motions will be considered preserved for appellate review. We caution that this ruling applies to every post-verdict motion which is filed sixty days hence and to any motion which is already filed, but which may still be supplemented after sixty days from this date. Our ruling is prospective only because of the possibility of reliance by counsel on prior decision of this Court. Cf. *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975).

*Gravely* was filed July 6, 1979, making its effective date September 4, 1979. The effect of the unfiled motions in this case, which the lower court's opinion says were left in chambers on August 8, 1979, must therefore be decided

under the case law before *Gravely*. The Supreme Court had previously stated in *Commonwealth v. Jones*, 478 Pa. 172, 176–77 n.1, 386 A.2d 495, 497 n.1 (1978):

> [T]he Commonwealth argues the issues involving the admissibility of Jones' statements are waived because they were not set forth in post-verdict motions, citing *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). However, the issues were set forth in a brief presented to the post-verdict motion court and are therefore preserved for review. *Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978) (plurality opinion, Eagen, C. J., joined by O'Brien and Manderino, JJ.; dissenting opinion, Pomeroy, J.). *See Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealh v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977). Furthermore, we decline to draw a distinction between a brief filed with the clerk of the court and those presented to the court without filing on the basis that the former becomes part of the record and the latter does not. The distinction would place form over substance, particularly when briefs filed in the intermediate appellate courts of this Commonwealth have not to date been made part of the record when certified to this Court on appeal. The post-verdict motion court performs an appellate function and briefs presented to that court should be considered when made available to us to resolve waiver questions even though they are not "technically" part of the record. The situation presents us with circumstances which are no different than when we consider briefs presented to the intermediate appellate courts which are not made part of the record.

*Jones* was a majority opinion of our Supreme Court, and this court was accordingly obliged to follow it. This caused something of a dilemma, in that this court was also obligated to follow the rule established by a unanimous Supreme Court that material outside the record may not be considered on appeal, *e.g., Commonwealth v. Young*, 456 Pa. 102, 115 & n. 15, 317 A.2d 258, 264 & n.15 (1974), while *Jones*

seemed to say that material outside the record could be considered. On the question of how to interpret *Jones* in order to resolve this dilemma, this court divided 3–2 in *Commonwealth v. Roberson,* 258 Pa.Super.Ct. 471, 393 A.2d 455 (1978), in which Judge Price's majority opinion stated:

> Although abide by the supreme court's decisions we must, we simply do not read *Jones* to place upon this court the obligation of expending time, effort and man power to scout around the prothonotaries' offices in fifty-nine courts of common pleas to unearth briefs that may have been "presented" to the courts, but not made part of the records, in an effort to find defendants' assertions of error preserved. We interpret *Jones* to require that if a defendant presents a memorandum or brief to the post-trial motions court, and, whether filed with the clerk or not, it is included in the record certified to us, then we are constrained to find his assertions preserved and to rule upon them. Absent that, we do not feel compelled to exert this court's energies engaging in a hunting expedition. Until mandated to do so, we will not.

*Id.,* 258 Pa.Superior Ct. at 475–76, 393 A.2d at 457 (footnote omitted).

■ Since three of the five participating judges joined Judge Price's opinion in *Roberson,* its interpretation of *Jones* constitutes binding precedent. *Commonwealth v. Mason,* 456 Pa. 602, 604, 322 A.2d 357, 358 (1974); *see Commonwealth v. Brown,* 288 Pa.Super.Ct. 171, 174 n.1, 431 A.2d 343, 344 n.1 (1981). It might be contended that *Roberson* is not controlling because it conflicted with what the Supreme Court majority said in *Jones. See Mackey v. Adamski,* 286 Pa.Super.Ct. 456, 465–66, 429 A.2d 28, 32 (1981); *Evans v. Blimpie Base, Inc.,* 284 Pa.Super.Ct. 256, 260 & n.2, 425 A.2d 801, 802–03 & n.2 (1981); *cf. Commonwealth v. Manley,* 282 Pa.Super.Ct. 376, 383 n.5, 422 A.2d 1340, 1343 n.5 (1980), *rearg. den'd, petition for allowance of appeal granted* (1981); *see also Gallardy v. Ashcraft,* 288 Pa.Super.Ct. 37, 43 n.7,

430 A.2d 1201, 1204 n.7, *appeal dismissed as improvidently granted,* 497 Pa. 587, 442 A.2d 693 (1982). The position of the *Roberson* majority, however, has been vindicated now that "in *Commonwealth v. Quinlan,* 488 Pa. 255, 258, 412 A.2d 494, 496 (1980), our Supreme Court has unanimously condemned consideration by an appellate court of material outside the record." *Commonwealth v. Rini,* 285 Pa.Super.Ct. 475, 483, 427 A.2d 1385, 1389–90 (1981) (footnote omitted).[2] *See also General Accident Fire & Life Assurance Corp., Ltd. v. Flamini,* 299 Pa.Super.Ct. 312, 317 n. 3, 445 A.2d 770, 773 n. 3 (1982). We conclude that where, as here, there are no post-verdict motions in the record because they were never filed with the clerk of courts, we must find the defendant's contentions waived, even if motions were allegedly "presented" to the judge before the effective date of *Commonwealth v. Gravely, supra.*[3]

Judgment of sentence of July 26, 1979 affirmed; judgment of sentence of December 14, 1979 vacated, and defendant's appeal from it dismissed.

**2.** For both technical and practical reasons, the *Roberson* majority's position was the only way in which the unworkable situation created by the *Jones* opinion could be resolved. *Jones* relied on an analogy to the Supreme Court's ability to request copies of briefs filed in intermediate appellate courts, in order to determine if an issue raised in the Supreme Court had been waived by failure to pursue the issue in the intermediate appellate court. The technical reason that this analogy was faulty was set forth at length in *Commonwealth v. Rini,* 285 Pa.Super.Ct. 475, 482–83 n.6, 427 A.2d 1385, 1389 n.6 (1981). The practical reason we could not apply this procedure to request an allegedly "presented" document from the trial court is that the allegedly "presented" document was never filed with the office of the clerk of courts in the first place, and therefore could not be sent to us by that office, even if we requested it through our prothonotary's office.

**3.** An alternative basis for holding defendant's contentions waived in this case is that the motions were allegedly "presented" only after a valid judgment of sentence was imposed on July 26, 1979. Even if motions were filed and placed in the record at that late date, the trial judge here would have no power to act on them when she did (more than 30 days after judgment of sentence), unless the sentence had been validly vacated within 30 days under Rule of Appellate Procedure 1701(b)(3). This procedure was not followed here.