## Commonwealth v. Scott

*Frank A. Orban, Jr.*, district attorney, and *A. M. Matthews*, special attorney, for Commonwealth.

*Shaver & Heckman*, for appellant.

LANSBERRY, P. J., March 30, 1951.—This appeal arises from a conviction of the summary offense of having possession of a fish net in excess of the size permitted by section 54 of the Fish Law of May 2, 1925, P. L. 448, 30 PS §54, without a permit.

A history of the case and brief statement of the facts disclose that defendant, J. Garfield Scott, a resident of Larimer Township, Somerset County, was on May 17, 1950, granted commercial hatchery license no. 634 for the propagation of bait fish on his premises; previously on May 3, 1950, the fish warden, while making the necessary investigation learned of and was shown a fish net four feet by six feet which the warden said defendant stated he had used in his ponds on the preceding April 9th; the warden further observed and learned that a tripod had been set up and a net was

used thereon; that the warden told defendant the possession of the net was an illegal possession and that he would have to procure a license or permit to possess and use such net; that this permit was subsequently granted by the Commonwealth authority on May 31, 1950; that on August 11, 1950, this prosecution was instituted and on August 14th the justice of the peace, after hearing, adjudged defendant guilty and imposed sentence of costs of prosecution, a fine of $100 and 30 days in jail and in default of the payment of the costs and fine, an additional day in jail for each dollar fine and costs; an allocatur was allowed and the matter heard de novo; while admitting possession of the net, defendant testified that he had never used the net and that it had not been used when he gave it to the warden; he further denied stating to the warden that he had used the net; he explained that one Noah Witt, a friend and neighbor, had ordered the propagation license in the name of defendant unknown to the latter at the time, and that he had also ordered from a mail order house the net and on April 9th had taken it to defendant's home and left it on his table in his kitchen, defendant being away from home for the day, and that not until several days later did defendant learn the source of the net; that the net was then put away until such time as the license or permit was granted.

Having observed defendant to be a man 68 years of age, quite deaf and with very limited education, it is readily understandable that there would be apparent conflicts in the testimony.

The contention of the Commonwealth is that the mere possession of a net exceeding four by four feet square or exceeding four feet in diameter, without a permit for such possession is a violation of the act regardless of any attending circumstances. With this contention we are not in accord for reasons which will be observed in the following discussion.

Section 54 of the Fish Law of May 2, 1925, P. L. 448, added by the Act of June 24, 1939, P. L. 833, 30 PS §54 provides as follows:

"It shall be unlawful for any person to make, sell or have in his possession a net larger than four feet square or four feet in diameter without a permit therefor issued by the board. The possession of a net without a permit therefor shall be prima facie evidence of the violation of this section."

It is true that while the legislature in the exercise of the police power may command that an act be done or omitted to be done and that under certain statutes of this type, that is, statutes malum prohibitum, for a violation thereof, the offender may be punished notwithstanding an absence of guilty knowledge or guilty intent on the part of the offender. There must be in such statutes, however, language and purpose which will justify such construction: Commonwealth v. Jackson, 146 Pa. Superior Ct. 328, affirmed in 345 Pa. 456. We find nothing in the Fish Law of 1925 as amended which will justify our finding this defendant guilty without finding as a fact his intention to violate the act under which he is being prosecuted. This defendant is entitled to the presumption of innocence in his favor and that presumption remains with him until proved guilty beyond a reasonable doubt. Moreover, this being a penal statute it must be strictly construed: Commonwealth v. Losier, 71 D. & C. 274. Neither the justice of the peace nor the court hearing the appeal de novo is permitted to ignore these fundamental safeguards in the administration of our criminal law. Obviously, therefore, possession of the net in excess of the statutory limitations is, as the act says, prima facie evidence of the violation of the statute; it is nothing more; it may be rebutted by competent and admissible evidence. The contention of the Commonwealth is based on the erroneous view that intent to violate or not to

violate the appropriate section of the act is of no materiality or consequence. The view which we take of the proper interpretation of the act is supported by Commonwealth v. Brendle et al., 23 Dist. R. 587. In that case the Fish Law of 1909, P. L. 353, sec. 26, since repealed, provided that possession of a net should be deemed to be prima facie evidence of the violation of certain prohibitory sections of the act. The court reasoned that the act being penal or quasi-penal should be strictly construed and held that the prima facie evidence of violation of the statute by virtue of the evidence of possession of nets was rebuttable by evidence that they were not used. In another case the court had no difficulty with this feature in Commonwealth v. Ritterson, 30 Pa. C. C. 240, and sustained the appeal after evidence was offered and admitted to rebut the presumption of violation of the act by evidence of possession of the fish.

Defendant in the case at bar is corroborated in his testimony that he did not purchase the net, that at the time he gave it to the officer he had not yet learned how it got into his house and he denied having used the net. He proceeded promptly to obtain the necessary permit authorizing the possession of the oversize net. These and other attending circumstances raise a reasonable doubt of his criminal intent to violate section 54 of the Fish Law of 1925, as amended, and overcome and rebut the prima facie evidence of guilt in the case.

Although the matter of cruel and unusual punishment was raised in defendant's brief, in view of the disposition of the case we concluded to make, we need not pass upon that feature of this record.

While it is significant, as pointed out in the brief on behalf of defendant, that defendant did not have possession of the oversized net itself on the day the prosecution was instituted (but did have a permit from the Board of Fish Commissioners to possess such a net

on that day) it is sufficient to say that on May 3rd defendant had actual possession of the oversized net which was then confiscated by the officer as he was authorized by the act so to do and that the officer did institute the prosecution within the statutory period prescribed by the act.

Being of the opinion that the Commonwealth had failed to meet the burden of proof required in this case to sustain the justice of the peace, we must now sustain the appeal, and we, therefore, enter the following

### Order

Now, March 30, 1951, the appeal in this case is sustained, the fine and costs or any portion thereof paid by defendant is now remitted, defendant is discharged, and the costs of this prosecution are placed upon the County of Somerset.