Felix Steve Milewski, Appellant v. Common-
wealth of Pennsylvania, Appellee.

Submitted on briefs October 10, 1985, to Judges MacPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*John M. Wolford,* with him, *Russell S. Warner, MacDonald, Illig, Jones & Britton,* for appellant.

*Michael J. Veshecco,* District Attorney, with him, *Timothy J. Lucas,* Assistant District Attorney, for appellee.

Opinion by Senior Judge Barbieri, November 22, 1985:

Felix Steve Milewski, Appellant, appeals here from a judgment of sentence of the Court of Common Pleas of Erie County. That judgment of sentence was imposed following his conviction for violating the minimum size gill net regulations promulgated by the Pennsylvania Fish Commission (Commission) under authority of Section 2903(e) of the Fish and Boat Code, 30 Pa. C. S. §2903(e). We affirm.

The record establishes the following facts which are pertinent. Appellant is a commercial fisherman who works the waters of Lake Erie. On November 5, 1981, two Deputy Waterway Patrolmen boarded Appellant's boat to check his fish catch and nets. The patrolmen proceeded to check the mesh size of Appellant's gill nets to ensure their compliance with the Commission's regulations. A "gill net" is a flat net which is suspended vertically in the water with meshes that allow the head of a fish to pass but entangle its gill covers as it seeks to withdraw. Webster's Third International Dictionary 957 (1976). By regulation, 58 Pa. Code §63.3(a), the Commission established a minimum mesh size of two and one-half inches for gill nets. According to the patrolmen's measurements, the mesh size of Appellant's nets was less than the minimum two and one-half inches. As a result of that measurement, Appellant was cited for being in violation of 58 Pa. Code §63.3(a) and his catch and nets were seized by the Commission. On November 8, 1981, patrolmen boarded Appellant's boat but were unable to measure his nets as Appellant had picked the nets and already reset them. The patrolmen confiscated the catch on the assumption that they were caught with undersized nets. The following day,

November 9, 1982, patrolmen again boarded Appellant's boat to measure the reset nets. This time, the patrolmen determined that twenty of the nets measured were undersized and were confiscated. The confiscated nets were again remeasured by the patrolmen in late February or early March of 1982 at which time they confirmed that the nets were indeed undersized. Criminal complaints were issued which charged that Appellant had used undersized nets on November 5, 8, and 9, 1981. Appellant was convicted of all three charges following a three-day jury trial. After the verdict was rendered, Appellant changed counsel and post-trial motions were filed by his new counsel. Those post-trial motions were denied and Appellant was sentenced to one year of probation and ordered to pay a fine of $3,000. It is from that sentence that he appeals.

In this appeal, Appellant raises three major assignments of error, which are (1) whether there was sufficient evidence that his nets were undersized so as to sustain the convictions; (2) whether he was erroneously tried, convicted and sentenced under the wrong statutory section for a third-degree misdemeanor rather than a summary offense; and (3) whether the statutory and regulatory framework under which he was prosecuted is unconstitutional for vagueness. We shall address these issues seriatim.

The initial prong of Appellant's challenge to the sufficiency of the evidence is that the Commonwealth failed to prove that the flexible rules used by the Commission patrolmen to measure the mesh size of his gill nets were approved by the United States National Bureau of Standards. It is Appellant's contention that proof of such approval is a necessary element of proving a violation of 58 Pa. Code §63.3 (a). We disagree.

The Commission's regulation dealing with the minimum mesh size for gill nets, 58 Pa. Code §63.3(a), as in effect at the time of Appellant's violations in November, 1981, reads in pertinent part as follows:

§63.3. *Use of Gill Nets.*

(a) *Size.* It is unlawful to set, fish or possess any gill net with a mesh size of between 3 1/16 of an inch and 4 1/2 inches as measured over a flexible rule. The minimum mesh size for gill nets is 2 1/2 inches. . . . All mesh or meshes in gill nets used in fishing *shall be measured over a flexible rule approved by the United States National Bureau of Standards.* (Emphasis added.)

We also acknowledge that this regulation is penal in nature and is, as is the case with the penal sections of the Fish and Boat Code, to be strictly construed. Section 1928(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(b); *see also Commonwealth v. Scott,* 76 Pa. D. & C. 115 (C.P. Somerset 1951) (Section 54 of the Fish Law of 1925 (repealed), *formerly* 30 P.S. §54, which prohibited possession of certain nets without a permit, is a penal statute and must be strictly construed). The canon of strict construction, however, does not require that the words of a penal statute be given their narrowest meaning or that the lawmaker's evident intent be disregarded. *Commonwealth v. Duncan,* 456 Pa. 495, 321 A.2d 917 (1974).

At trial, the Commonwealth presented evidence that the Commission interpreted the regulation as requiring that the measures used by its patrolmen be traceable to one approved by the National Bureau of Standards rather than each flexible rule being individually approved by the Bureau. This was the standard practice of the Commission and this regulation, 58 Pa. Code §63.3(a), has since been amended

to more clearly reflect actual Commission practice and is presently found at 58 Pa. Code §69.32(a). We are cognizant that an agency's interpretation of its own regulations is entitled to controlling weight unless it is clearly erroneous or in conflict with its enabling legislation. *Wiley House v. Scanlon,* 502 Pa. 228, 465 A.2d 995 (1983). Reviewing that regulation in accordance with the canon of strict construction, we cannot say that the Commission's interpretation is clearly erroneous or in conflict with the provisions of the Fish and Boat Code. We also duly note that Section 93 of the Fish Law of 1925 (repealed); *formerly* 30 P.S. §93, required only that the rule used to measure the mesh size of gill nets be stamped and authenticated by the Commission. The reference to approval of flexible rules by the National Bureau of Standards in the regulation requires only that the Commission ensure the accuracy of its flexible rules by complying with the standards set by the National Bureau of Standards. This the Commission does when it requires that all flexible rules be traceable to one approved by the National Bureau of Standards. Therefore, the Commission's interpretation of 58 Pa. Code §63.3(a) is entitled to controlling weight and we must reject Appellant's argument that proof that the particular rule used to measure the mesh size of his gill nets was approved by the National Bureau of Standards is a necessary element for proving a violation of the regulation and statute. The Commonwealth's evidence as to the accuracy of the flexible rules used to measure Appellant's gill nets was primarily that of Patrolman Carter and G. Edward Carpenter, a meterologist with the Pennsylvania Department of Agriculture, Bureau of Standards, Weights and Measures. Mr. Carpenter testified that he tested the flexible rules received by Patrolman

Carter from the Starrett Company for length accuracy. The flexible rules were so tested against an eighteen inch steel rule which was calibrated and supplied by the National Bureau of Standards to measure the accuracy of the flexible rules manufactured by the Starrett Company. Therefore, we hold that this evidence establishes the accuracy of the flexible rules used to measure Appellant's gill nets and the Commission's compliance with its own regulations.

The second prong of Appellant's attack on the sufficiency of the evidence to support his conviction is that the evidence does not show beyond a reasonable doubt that the patrolmen who measured the mesh size of his nets did so properly as envisioned by the regulation. The gravamen of this contention is that the patrolmen erroneously required the flexible rule to remain rigid in order for the nets to pass inspection while he argues the term "flexible" as used in the regulation indicates that the rule may be bent or flexed when measuring the nets. This argument, too, must be rejected.

When reviewing a challenge to the sufficiency of the evidence to support a conviction, an appellate court must review the entire record and all evidence must be read in a light most favorable to the Commonwealth which is entitled to all reasonable inferences therefrom. *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983). The testimony presented by the water patrolmen established that the standard procedure for measuring the mesh size of nets was to place the rule in the square of the mesh, diagonally from one corner to the opposite corner. If the rule could pass diagonally through a square perfectly straight, the net did not violate the minimum mesh size regulation. We also note that this practice comports with the requirements of former 30 P.S. §93

which mandated that gill nets have a mesh of at least sufficient size to permit a standardized three and one-sixteenth (now two and one-half) inch steel rule to be passed through *without bending the rule*. Viewing this evidence in a light most favorable to the Commonwealth, we conclude that there is sufficient evidence that the water patrolmen properly measured the mesh size of Appellant's gill nets and his contention to the contrary must be rejected.

Appellant's next contention is that he was charged and prosecuted under the wrong statutory section which classified his alleged violation as a third-degree misdemeanor rather than as a summary offense. He argues that the Commission improperly promulgated 58 Pa. Code §63.3(a) under 30 Pa. C. S. §2903(e), which authorizes the Commission to promulgate rules and regulations applicable to boundary lakes, whereas the Commission should have properly based the regulation upon 30 Pa. C. S. §2102(d), which authorizes the Commission to promulgate rules and regulations pertaining to the minimum mesh size of nets. While a violation of a regulation promulgated under Section 2903(e) is a third-degree misdemeanor, a violation of a regulation promulgated under Section 2102 (d) is classed only as a first-degree summary offense. Appellant further argues that since Section 2102(d) is more specific than is Section 2903(e), the former should govern and his alleged violation of 58 Pa. Code §63.3(a) should be classed as a first-degree summary offense. We duly note, however, that Section 2102(d) is contained in the general provisions section of the Fish and Boat Code while Section 2903(e) is found in the chapter dealing specifically with special licenses and permits and this section itself deals specifically with boat and net licenses for boundary lakes. There is no question that Lake Erie falls within the defini-

tion of "boundary lakes" found in Section 102 of the Fish and Boat Code, 30 Pa. C. S. §102.

Our review of the record compels us to agree with the common pleas court that Appellant has waived this argument by failing to present it in either the pre-trial proceedings or during trial. Pa. R. Crim. P. 1123(a) provides, in pertinent part, as follows:

> *Rule 1123. Post-Verdict Motions*
>
> (a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. *Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. . . .* (Emphasis added.)

Under Rule 1123(a), where an issue is raised for the first time in post-verdict motions, it is not properly preserved for appellate review and therefore waived. *Commonwealth v. Jones,* 478 Pa. 172, 178, 386 A.2d 495, 497-498 (1978); *Commonwealth v. Cooley,* 465 Pa. 35, 40 n. 5, 348 A.2d 103, 106 n. 5 (1975).

Our research has discerned two major exceptions to this doctrine. The first is where the issue concerns the subject matter jurisdiction. Our appellate courts have repeatedly held that subject matter jurisdiction is not a waivable issue since it goes directly to the power of the court to act and it can be raised at any stage in the proceedings. *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth v. Thomas,* 305 Pa. Superior Ct. 158, 451 A.2d 470 (1982). Appellant's complaint here does not attack the subject matter jurisdiction of the common pleas court and this exception to the waiver doctrine is not applicable.

The second major exception to the waiver doctrine of Rule 1123(a) is where the failure to raise the issue at the pre-trial or trial stage is due to the ineffectiveness of trial counsel. However, in order to avail himself of this exception, Appellant must have raised the issue of trial counsel's ineffectiveness at the earliest possible stage of the proceedings, otherwise it is considered waived. *Commonwealth v. Cargo*, 498 Pa. 5, 444 A.2d 639 (1982). As we explained earlier, Appellant was represented by new counsel at the post-verdict stage. Where new post-verdict counsel fails to raise prior trial counsel's ineffectiveness as a ground for post-verdict relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review. *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1976). Here, Appellant's new post-verdict counsel failed to raise the issue of prior trial counsel's ineffectiveness in his post-verdict motions and has made no claim of such ineffectiveness before this Court. Accordingly, the issue of trial counsel's ineffectiveness is waived and Appellant has waived those issues not raised by trial counsel in pre-trial proceedings or at trial. Therefore, we agree with the common pleas court that Appellant waived his right to challenge the statutory basis for the Commission's regulation under which he was prosecuted.

We now turn to Appellant's final contention which is that his due process rights were violated by the manner in which he was prosecuted. The first prong of this contention is that the Commission's regulations under which he was prosecuted are unconstitutionally vague and ambiguous and provide insufficient notice of what conduct is prohibited. A penal statute is "void for vagueness" where it fails to give a person of ordinary intelligence fair notice

that his contemplated conduct is forbidden by the statute or that it is so indefinite that it encourages arbitrary and erratic arrests and convictions. *Colautti v. Franklin,* 439 U.S. 379 (1979). Such a statute violates the due process clause of the Fourteenth Amendment to the Federal Constitution as well as Article I, Section 9 of the Pennsylvania Constitution. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976). The regulation in question, 58 Pa. Code §63.3 (a), clearly spells out that the *minimum permissible mesh size for gill nets is 2 and 1/2 inches.* Appellant, however, argues that the regulation which states that mesh sizes will be measured using a flexible rule does not specifically apprise a person of the exact method of measurement which will be used to determine compliance. Essentially, his argument is the same as he presented when attacking the sufficiency of the evidence to support his conviction. As did the common pleas court, we find no ambiguity in the regulation's description of what conduct is prohibited and reject Appellant's contention that it is void for vagueness. Indeed, the Commission, by measuring the mesh size of gill nets diagonally, is permitting the smallest mesh possible to be in compliance with the regulation.

The second prong of Appellant's due process argument is that he was denied an impartial and disinterested determination of his guilt or innocence in that the Commission and its enforcement officers have an improper financial and personal interest in prosecuting violators of the Fish and Boat Code. This improper financial and personal interest arises, he contends, from the fact that all fines and penalties recovered from prosecutions under the Fish and Boat Code are placed in a separate fund. 30 Pa. C. S. §521(a). Since monies from this fund, known as the "Fish Fund," are used to pay for the training, sala-

ries and expenses of the Commission personnel, Appellant argues that this gives the Commission enforcement officers an improper financial and personal interest in prosecuting offenders in order to ensure the payment of their salaries and expenses. As Appellant concedes that this argument was not raised until his post-verdict motions, we consider it waived under Pa. R. Crim. P. 1123(a). In passing, however, we also consider the argument to be without merit in that Appellant's guilt was determined by an impartial common pleas court, not the Commission or its officers.

Having found Appellant's assignments of error to be without merit, we affirm the judgment of sentence.

ORDER

Now, November 22, 1985, the judgments of sentence of the Court of Common Pleas of Erie County at Docket Nos. 795 and 839 of 1982, Criminal Division, are hereby affirmed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

It appears to me that the regulation in effect at the time of the alleged offense clearly required that the measurement of the net size should be done with a flexible rule *approved* by the United States National Bureau of Standards. While administrative agencies do have the right to interpret their own regulations, I find nothing here to interpret. The language used in the regulation could not be more precise. The enforcement officers simply did not comply with the regulation and, therefore, the prosecution is fatally flawed.

The fact that the Fish Commission later amended the regulation to bring it into conformity with practice[1] further persuades me that the enforcement officers in the case *sub judice* did not have a legal basis to lay the charges against the Petitioner.

I would reverse and set aside the judgments of sentence.

---

[1] 58 Pa. Code §69.32(a) now provides as follows:

SIZE. The following mesh size gill nets are permitted: 2.75 inch mesh or 2 7/8 inch mesh and 4.5 inch mesh, stretch measure, wet measured over a rigid metal rule with one pound sliding brass weight, certified as accurate by the Commission or other appropriate authority. . . .