624 A.2d 223

**COMMONWEALTH of Pennsylvania**

v.

**Allen T. SEIGWORTH, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.
Decided March 31, 1993.

Jeffrey Lundy, for appellant.

Timothy P. Morris, for appellee.

Before PELLEGRINI and FRIEDMAN, Judges, and NARICK, Senior Judge.

PELLEGRINI, Judge.

Allen Seigworth (Seigworth) appeals the order of the Court of Common Pleas of Jefferson County (trial court) denying his Motion in Arrest of Judgment and upholding the guilty verdict against him for a violation of the Game and Wildlife Code.

Seigworth shot and killed a deer that was destroying crops on his farm. He reported the killing as required by the Game and Wildlife Code (Code), 34 Pa.C.S. § 2122. Wildlife Conservation Officer Jerry Bish (Officer Bish) visited Seigworth's farm to pick up the deer. Officer Bish noticed that the entrails of the deer had not been removed, and he asked Seigworth why they had not been removed. Seigworth stated that he hadn't gotten around to it. Seigworth then told Officer Bish that the deer was inedible because it had eaten crops which had been sprayed with pesticides.

Officer Bish later issued a citation from the Commonwealth of Pennsylvania Game Commission (Commission) to Seigworth, stating that "Defendant did unlawfully fail or neglect to care for the carcass of a big game animal killed for crop damage by failing to remove the entrails", referencing Section 2125 of the Code, 34 Pa.C.S. § 2125. Seigworth was found guilty by the trial court of a violation of Section

2126(a)(5) of the Code, 34 Pa.C.S. § 2126(a)(5). He then filed a Motion in Arrest of Judgment, contending that his conviction was not proper under the statute cited, and also that Section 2126(a)(5) was unconstitutional. Following briefs, the trial court denied the motion. Seigworth then filed this appeal.[1]

Section 2125 of the Code, 34 Pa.C.S. § 2125, which was the only section referenced on the citation, provides:

> Except as otherwise provided in this subchapter, the entire carcass, including the head and hide, of all big game animals, and the entire carcass of any other game or wildlife, other than raccoons, shall be made available, unless otherwise directed by an officer of the commission, intact, less entrails, to any commission officer calling for them.

By itself, Section 2125 does not provide a penalty and would not be a criminal statute. However, the requirements of Section 2125—that the farmer make available and surrender a carcass, less entrails, to the commission officer—are incorporated into Section 2126(a)(8) of the Code, 34 Pa.C.S. § 2126(a)(8) ("Unlawful activities").[2] Section 2126(a)(8) provides that it is unlawful for any person to:

> Fail to relinquish to any officer the entire carcass, less the entrails, of any game or wildlife, other than raccoons, killed to which the person killing the game or wildlife is not legally entitled thereto.

The trial court, relying on the language used in the citation, "failure or neglect to care for a carcass", found Seigworth guilty of violating Section 2126(a)(5) of the Code, 34 Pa.C.S.

---

1. The effect of a motion in arrest of judgment is to admit all the facts which the Commonwealth's evidence tends to prove, and the sufficiency of the evidence to establish guilt beyond a reasonable doubt of the crime charged must be evaluated upon the entire record. *Blosenski Disposal Service v. Commonwealth of Pennsylvania, Department of Environmental Resources*, 116 Pa. Commonwealth Ct. 315, 543 A.2d 159 (1988), *petition for allowance of appeal denied*, 522 Pa. 579, 559 A.2d 40 (1988); *Commonwealth v. McFadden*, 377 Pa. Superior Ct. 454, 547 A.2d 774 (1988).

2. Even without Section 2126(a)(8), the following subsection is a catch-all provision, making it unlawful to fail to comply with any provision of the subchapter. Section 2126(a)(9) of the Code, 34 Pa.C.S. § 2126(a)(9).

§ 2126(a)(5). Section 2126(a)(5) provides that it is unlawful for any person to:

Fail or neglect to care for the carcass, or any part thereof, of any game or wildlife other than raccoons.

Seigworth contends that a conviction under Section 2126(a)(5) was improper because the terms "fail or neglect to care for the carcass" does not include within its ambit the failure to remove the entrails.

"Care for a carcass" is not a defined term within the subchapter. There is no basis for linking failing to "care" in Section 2126(a)(5) to the removal of entrails in Section 2125 for several reasons. First, there are no shared or parallel terms between Section 2125 and Section 2126(a)(5). Nor is there any reference to Section 2125 in Section 2126(a)(5). Section 2126(a)(5) appears to prohibit the failure to perform other acts in relationship to a carcass. To interpret care for the carcass as requiring the removal of entrails, which is specifically required under both Section 2125 and Section 2126(a)(8), also indicates that the failure to care is something other than the failure to remove entrails. Otherwise, those provisions would be duplicative.[3] We are required to strictly construe penal provisions. Section 1928(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b); *Milewski v. Commonwealth of Pennsylvania,* 93 Pa. Commonwealth Ct. 120, 124, 500 A.2d 1261, 1264 (1985), *petition for allowance of appeal denied,* 515 Pa. 569, 526 A.2d 1191 (1987). With that in mind, we find that Seigworth's conviction under Section 2126(a)(5) for failing to remove the entrails of a deer that was surrendered under Section 2125 was improper and we reverse.

Seigworth also contends that Section 2126(a)(5) is unconstitutionally vague, and that the requirement for a farmer to remove the entrails of a deer that is inedible unconstitutionally infringes upon the right to possess and protect his property. However, because we reverse the conviction on other

---

3. The court must presume that the General Assembly does not intend a result that is absurd or unreasonable, but does intend the entire statute to be effective and certain. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922.

462

grounds and we are constrained to avoid declaring a legislative act unconstitutional whenever possible, we will not address those arguments.

## ORDER

AND NOW, this 31st day of March, 1993, the order of the Court of Common Pleas of Jefferson County, dated June 24, 1992, No. 876–1991, is reversed.